FILED IN MY OFFICE
DISTRICT COURT CLERK
4/15/2016 4:40:36 PM
STEPHEN T. PACHECO
Maureen Naranjo

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

**SANDRA FORTIER and PAUL OLSON**
**On behalf of O. O., a minor child,**

        **Appellants / Plaintiffs**

                                        **No.**    D-101-CV-2016-01019

**vs.**                             Case assigned to Thomson, David K.

**THE NEW MEXICO HUMAN SERVICES DEPARTMENT and**
**THE NEW MEXICO DEPARTMENT OF HEALTH;**
**BRENT EARNEST, Secretary, New Mexico**
**Human Services Department, in his official capacity;**
**LYNN GALLAGHER, Acting Cabinet Secretary,**
**New Mexico Department of Health, in her official capacity;**
**CATHY STEVENSON, Director, Developmental Disabilities**
**Supports Division of the New Mexico Department of Health,**
**in her official capacity;**
**NANCY SMITH-LESLIE, Director, Medical Assistance Division**
**of the New Mexico Human Services Department, in her official capacity,**

        **Appellees / Defendants.**

**NOTICE OF APPEAL AND COMPLAINT**
**FOR DECLARATORY AND INJUCTIVE RELIEF**
**AND ATTORNEY'S FEES AND COSTS**

## I.   INTRODUCTION

1.      This appeal and complaint arises out of the New Mexico Human Services

Department's refusal to allow O. O., a child with fetal alcohol syndrome, to register for the

Developmental Disabilities Waiver ("DD Waiver"), a Medicaid program that provides vital

services to individuals with developmental disabilities.

1

2.      Sandra Fortier and Paul Olson, parents, bring this action on behalf of their minor child O. O.

3.      Pursuant to NMSA 1978 § 39-3-1.1 and Rule 1-074 NMRA, parents appeal from the March 21, 2016 decision of the Medical Assistance Division, Human Services Department, upholding the denial of O. O.'s placement on the registry for the Developmental Disabilities Medicaid Waiver Program.

4.      Plaintiffs/Appellants further bring a complaint for declaratory and injunctive relief and attorney's fees and costs under the United States Constitution, the Social Security Act (42 U.S.C. § 1396-1396v) (Medicaid Act), Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, the New Mexico Constitution, the New Mexico Human Rights Act, the New Mexico Administrative Procedures Act, and the New Mexico Declaratory Judgment Act. In addition, these claims are brought under 42 U.S.C. § 1983.

5.      Plaintiffs/Appellants seek a declaration from this Court that the New Mexico Department of Health ("DOH") regulatory criteria for assessing DD Waiver qualification is inconsistent with federal and state law, that the DOH decision to deny O. O.'s application for the DD Waiver was arbitrary and not based on current professional standards, and that O. O. meets the criteria for the DD Waiver.

6.      Plaintiffs/Appellants seek a declaration that the State of New Mexico arbitrarily and unjustifiably limits the categories of people who qualify for the DD Waiver.

7.      Plaintiffs/Appellants seek a declaration that Defendants categorical exclusion of O. O. from eligibility for the DD Waiver on the basis of her disability violates her state and federal rights.

8.      Plaintiffs/Appellants seek an injunction from this Court requiring the Defendants to place O. O. on the DD Waiver Registry.

9.      Plaintiffs/Appellants also seek an injunction prohibiting Defendants from implementing regulations that violate state and federal law.

## II. <u>JURISDICTION AND VENUE</u>

10.     Pursuant to NMSA 1978 § 39-3-1.1, this appeal may be taken to the First Judicial District Court as Santa Fe County, New Mexico is the county where the New Mexico Human Services Department and the New Mexico Department of Health maintain their principal offices and is the county in which a hearing on the matter was conducted.

11.     Plaintiffs/Appellants bring this action to redress the deprivation of rights secured to their daughter under the United States Constitution, the Medicaid Act, Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, the New Mexico Constitution, the New Mexico Human Rights Act, and the New Mexico Administrative Procedures Act. In addition, these claims are brought under 42 U.S.C. § 1983. The Plaintiffs/Appellants also seek declaratory judgment under the New Mexico Declaratory Judgment Act.

12.     Plaintiffs/Appellants are all residents of Sandoval County, New Mexico, and the facts which form the basis for the lawsuit and appeal occurred primarily in Bernalillo, Sandoval, and Santa Fe counties. All administrative remedies have been exhausted.

### III. <u>PARTIES</u>

13.     Plaintiffs/Appellants ("the family") are United States citizens residing in Sandoval County, New Mexico. O. O. is a thirteen-year-old girl with fetal alcohol syndrome. Sandra Fortier and Paul Olson are the parents of O. O. who applied with the Department of Health for the D. D. Waiver on O. O.'s behalf.

14.     Defendant New Mexico Human Services Department ("HSD") has been designated as the "single state agency" directly responsible for the administration and supervision of New Mexico's Medicaid program under Title XIX of the Social Security Act, 42 U.S.C. § 1396a(a)(5). HSD has its principal place of business in Santa Fe, New Mexico.

15.     Defendant New Mexico Department of Health ("DOH") is responsible for supervising the health and hygiene of New Mexico's citizens, including the day to day oversight of the services provided under the Developmental Disabilities Waiver ("DD Waiver" or "Waiver"). At all times relevant to this action, DOH exercised operational management of the DD Waiver. DOH has its principal place of business in Santa Fe, New Mexico.

16.     Defendant Brent Earnest is the Secretary of HSD and is responsible for all administrative, policy, budgetary and personnel matters for HSD. He is responsible for making and adopting regulations to carry out HSD's duties, none of which can be implemented without his approval. As the Secretary of the single state Medicaid agency, he is responsible for managing all Medicaid moneys. In addition, Secretary Earnest is responsible for adopting rules or regulations that govern the administration of Medicaid funded programs. Secretary Earnest is also responsible for the Medical Assistance Division of HSD, which makes the final

administrative decision in Medicaid fair hearings. Defendant Earnest's place of business is in Santa Fe, New Mexico. Defendant Earnest is sued in his official capacity.

17.     Defendant Lynn Gallagher is the Acting Secretary of DOH and is responsible for all administrative, policy, budgetary and personnel matters for the New Mexico Department of Health. This authority includes the policies and practices which result in the funding of, placement in, and maintenance of persons with developmental disabilities such as the individuals in the Medicaid DD Waiver program, using Medicaid funds. Further, she is responsible for the direction, supervision, and control of the Developmental Disabilities Services Division, which designs and implements services to all persons with developmental disabilities in the state of New Mexico. Defendant Gallagher's place of business is in Santa Fe, New Mexico. Defendant Gallagher is sued in her official capacity.

18.     Defendant Cathy Stevenson is the Director of DOH's Developmental Disabilities Supports Division ("DDSD") for individuals with intellectual/developmental disabilities. As such, she directs all programs, services, and supports provided for individuals with intellectual and developmental disabilities. She became the Division Director in 2011. She is one of the principal architects of the current DD Waiver program and has issued numerous policies, memoranda and directives regarding the DD Waiver. She is named as the State Operating Agency Representative for DOH in the Defendant's application for the current DD Waiver submitted to the federal Centers for Medicare and Medicaid Services. She directs the implementation of the DD Waiver. Defendant Stevenson's place of business is in Santa Fe, New Mexico. Defendant Stevenson is sued in her official capacity.

19.    Defendant Nancy Smith-Leslie is the Director of the Medical Assistance Division of the New Mexico Human Services Department. She issued the Hearing Decision upholding the denial of DD Waiver services for O. O. Defendant Smith-Leslie's place of business is in Santa Fe, New Mexico. She is being sued in her official capacity.

## IV. NOTICE OF APPEAL

20.    This appeal is taken by Paul Olson and Sandra Fortier on behalf of their daughter O. O.

21.    This appeal is taken against the New Mexico Department of Health and the New Mexico Human Services Department.

22.    Sandra Fortier and Paul Olson first applied for the D. D. Waiver on behalf of O. O. on or about November 19, 2014.

23.    On July 27, 2015, the Developmental Disabilities Support Division of the DOH sent the family a Notice of Denial of DD Waiver Registration Request, which indicated that "the information you provided does not satisfy the qualifications that are listed in the regulation found at 8.290.400.10B NMAC."

24.    Pursuant to 8.100.970.8 NMAC, the family timely appealed the denial to the Fair Hearings Bureau.

25.    A Fair Hearing was held via phone on February 11, 2016.

26.    On March 4, 2016, the administrative law judge ("ALJ") issued a Recommended Decision to the Medical Assistance Division Director, recommending that HSD should uphold the denial of the Waiver to O. O. A copy of the Recommended Decision is included in Exhibit A.

27.     In summarizing his Recommended Decision, the administrative law judge noted, "Counsel for Appellant has argued…that the information upon which DOH relies in making its decisions is out of date and does not reflect current thinking about Developmentally Disabled individuals by those most closely involved in treating and studying such individuals. That is probably true…However, it is not within the purview of the undersigned ALJ, nor is it within the jurisdiction of the Fair Hearings Bureau to recommend a decision to the Director of the Medical Assistance Division which contravenes existing regulation."

28.     On March 16, 2016, the Director of the HSD Medical Assistance Division issued her Hearing Decision, adopting and incorporating the ALJ's findings of fact and conclusions of law. The Decision found that HSD and DOH had met their evidentiary burden. The Director upheld the denial of benefits to O. O.

29.     The family is appealing from the Hearing Decision because the agencies acted fraudulently, arbitrarily, and/or capriciously, and based on the whole record on appeal, the decision of the agencies is not supported by substantial evidence. The action of the agencies was otherwise not in accordance with law.

## V. FACTUAL ALLEGATIONS

### A. Background on the Child O. O.

30.     O. O. was exposed to alcohol prenatally and was born with brain damage due to fetal alcohol syndrome.

31.     Sandra Fortier and Paul Olson adopted O. O. and her three siblings in 2006.

32.     Prior to adoption, O. O. had been in foster care and had suffered severe abuse and neglect in multiple settings.

33.     It has been difficult for the Olson/Fortier family to obtain services for O. O., including the DD Waiver. The family's insurance—a combination of private insurance and Medicaid—has been insufficient to provide O. O. with the services she needs.

34.     Until recently, O. O. received services at a residential treatment center in Texas due to her needs for support and neurobehavioral intervention, which were more than her parents or school could provide.

35.     In March 2016, with less than 24 hours' notice, the residential treatment center in Texas informed the family that the family's insurance would no longer cover O. O.'s placement. The center requested that parents immediately pick up O. O. The parents left that day to pick up their daughter. O. O. currently does not have an appropriate living placement.

36.     O. O.'s family applied for the DD Waiver because O. O. will need living and employment supports for the rest of her life, including supported living, supported employment, and services to help her have meaningful activities throughout her day.

37.     O. O. possess below average intelligence. Her Intelligence Quotient ("IQ") score is slightly below average.

38.     O. O. has significant deficits in executive functioning, visual construction, and in the social domains, as measured by tests of adaptive behavior.

39.     O. O. acts impulsively with others and has difficulty forming and maintaining friendships. O. O. can be naïve, gullible, and immature.

40.    O. O. can read sentences, but does not understand what words mean together. She can do basic operations in math, but she does not understand how math works in the world. She struggles to use academic information in her life.

41.    O. O. has always had trouble getting work done in school. She can do one problem with structured support, for example, but no more without help. Completing homework is impossible for O. O. She cannot carry home or replicate what she learns in school due to deficits in memory.

42.    O. O. is eligible for special education under the OHI eligibility. Her primary disability on her Individualized Education Plan is Fetal Alcohol Syndrome.

43.    O. O. does not have a learning disability. She has the ability to read words on grade level, though her comprehension is at a third grade level. Her math skills are at a second grade level.

44.    Despite not having a coding deficiency, O. O. struggles with abstract thinking. She does not understand how money works and cannot tell time. O. O. cannot correctly give change.

45.    O. O. sometimes invents memories to fill in the gaps in her mind about what happens during the day.

46.    O. O. speaks clearly and expressively. She is very verbal and likes to talk. She is friendly and engaging. She strives to meet social obligations. O. O.'s answers may sound good, but they are not always accurate.

47.     O. O. requires significant supports in mobility. She requires support and supervision to travel around school and to go to the restroom. Without an aide, she can become distracted, and she sometimes engages in toddler-like behavior.

48.     O. O. requires specialized transportation. Without significant supervision, she can wander off the bus and has crossed streets in the past.

49.     O. O. requires supports at home. She loves to clean and to help around the house, but cannot do so safely on her own.

50.     Without intensive supports, O. O. will not be able to use her intellectual ability and learning skills because of poor self-direction.

51.     O. O.'s capacity for independent living is very limited. Many people with FAS stay in supported living throughout their lives.

52.     O. O. will likely be able to hold a job only under structured conditions with assistance from a job coach.

53.     O. O.'s condition is life-long. There is no known medication to treat her condition.

54.     O. O. requires intensive, individually-tailored adaptive and behavioral management.

55.     Without these services, O. O. will likely have to be institutionalized.

56.     O. O. is at risk for becoming a victim of sexual abuse, illegal activities, homelessness, and financial harm.

57.     With supports, O. O. can become a functioning, contributing, happy member of society.

### B. Background on DD Waiver

58.     Title XIX of the Social Security Act, sometimes referred to as the Medicaid Act, provides medical assistance to individuals who lack the financial means to pay for needed health care. 42 U.S.C. § 1396 *et. seq.*

59.     The Developmental Disabilities Waiver is a Medicaid program. The program is designed to provide vital Medicaid-funded services to people with developmental disabilities.

60.     The purpose of the Medicaid program is to ensure that persons with limited income or specific qualifying conditions receive necessary medical services. Medicaid is funded by both the federal and state government. 42 U.S.C. § 1396 *et. seq.*

61.     A state's participation in the Medicaid Program is voluntary. Once a state elects to participate, it must follow program requirements mandated by the federal government. New Mexico has elected to participate in the Medicaid program. States who choose to participate must administer Medicaid "in the best interests of recipients." 42 U.S.C. § 1396a(a)(19).

62.     In 1981, Congress authorized the Home and Community Based Services ("HCBS") waiver system, due to the disproportionate percentage of Medicaid resources being used for long-term institutional care. The program allows Medicaid-eligible individuals with developmental disabilities who are entitled to receive residential care in a Medicaid-funded "Intermediate Care Facility for the Mentally Retarded" ("ICF/MR" or "ICF/ID") to instead receive their services outside of an ICF/MR, so long as the aggregate cost of the program is no

greater than the aggregate cost of serving the same people in institutional settings. 42 CFR §
440.150.

63.     To obtain authorization to operate a HCBS waiver, a state must apply to the U.S.
Department of Health and Human Services ("HHS"). Each HCBS Waiver is time-limited,
requiring renewal every three to five years. 42 CFR § 441.301, 42 CFR § 441.302.

64.     In 1983, New Mexico first applied to HHS to start a HCBS Waiver for people
with developmental disabilities in the state, and HHS authorized approximately 200 "slots" for
the initial three-year period. By fiscal year 2008, the number of people in the program reached
3,777 and there has been little change in the number of people in New Mexico's DD Waiver
program since that time.

65.     The DD Waiver provides a planning processes and specialized services, including
community-based intensive support services for people with developmental disabilities.

66.     The waiting time for applicants added to the list of eligible recipients today is
approximately ten years.

67.     The New Mexico Department of Health must apply to the federal government for
reimbursement of Medicaid funds. Federal funding allows NM to operate the DD Waiver
program. The federal government relies on the information contained in the application the State
of New Mexico uses to obtain federal funds. 42 CFR § 441.301, 42 CFR § 441.302.

68.     DOH's application for federal funding is misleading and does not state the true
qualifications it requires for applicants to obtain the DD Waiver.

69.     To qualify for the DD Waiver, an applicant must have an intellectual disability ("ID") or a "related condition," as well as meet additional criteria (outlined below).

70.     New Mexico's HCBS Waiver application contains a list of related conditions the DOH recognizes. These include chromosomal disorders, syndrome disorders, inborn errors of metabolism, and developmental disorders of the brain formation.

71.     New Mexico's Waiver application does not further specify or limit these categories—not specifying, for example, what kind of syndrome or developmental disorders of the brain formation qualify. Under the information submitted to support the Waiver application to the federal government, any syndrome or developmental disorder of brain formation is sufficient to meet the "related condition" qualification.

72.     The New Mexico Administrative Code, by contrast, impermissibly limits these qualifying conditions in 8.290.400.10(B)(3) NMAC. For example, under syndrome disorders, there is a specific list of which syndromes apply, which include "ataxia-telangiectasia (Louis-Bar); basal cell nevus syndrome; dyskeratosiscongenital; ectodermal dysplasia (hyperhidrotic type); ectromelia ichthyosis syndrome; focal dermal hypoplasia (Goltz); ichthyosis hypogonadism syndrome," and others. No such narrowing is included in the application for the federal Waiver.

73.     The list in paragraph 3 of 8.290.400.10(B) NMAC is taken verbatim from a table in the 1992 9th Edition of the Manual of the American Association on Intellectual and Developmental Disabilities ("AAIDD"), which was called the American Association on Mental Retardation at the time.

74. However, rather than copy this list in its entirety, the DOH has literally whited out part of p. 86 of the original table, and has entirely excluded the final five pages of the document.

75. The table from the 1992 AAIDD manual lists disorders in which intellectual disability might occur. It is an etiology or causation table.

76. There is no current version of this table. The AAIDD abandoned the table format as a way of spelling out these causes because it was impossible to include all causes and to keep up with the changing science.

77. The table was never meant to be used by states in a definitional sense.

78. The table was never designed to be used to create legal definitions.

79. Upon information and belief, no entities aside from the State of New Mexico use a table like this to define intellectual disability or related condition.

80. The AAIDD, the leading professional organization focused on ID, included a cautionary note in the 1992 manual explaining that its table should not be considered exhaustive. The note is included on page 80, which the state erased when it copied the list into its regulations.

81. The original table includes a list of perinatal and postnatal causes of ID, which includes fetal alcohol syndrome.

82. There is no scientific or logical reason to exclude perinatal and postnatal causes of ID from the state definitions.

83.     The regulations the DOH relies on in section 8.290.400.10(B) NMAC impermissibly and arbitrarily contravene, without a rational basis, the federal statutes and regulations governing Medicaid services and programs.

84.     The DOH's exclusion of the environmental causes of ID, including fetal alcohol syndrome, is arbitrary and unjustifiable.

85.     The definitions in the 1983 AAIDD manual are outdated and obsolete and reliance upon them is arbitrary.

86.     The way in which the state implemented and conceived of the qualifying related conditions in 8.290.400.10 NMAC is arbitrary and capricious. The state's DD Waiver qualification process discriminates against people with disabilities, excluding certain persons with disabilities from the program based on their disabilities and violates their rights under the law, as set forth in this complaint.

C. Comparison of Federal Requirements for Related Condition Compared to
New Mexico Requirements for Related Condition

87.     The concept in federal Medicaid law of "related condition" is meant to ensure that people with conditions resembling intellectual disability and requiring treatment similar to people with ID, but with IQ scores or other factors that would put them outside the official definition of ID, would not fall through the cracks and fail to receive necessary services. The definition of related condition is "primarily functional, rather than diagnostic." *See, e.g.*, 42 CFR § 483.102 and 42 CFR § 435.1010. *See also* https://www.medicaid.gov/medicaid-chip-program-

information/by-topics/delivery-systems/institutional-care/intermediate-care-facilities-for-individuals-with-intellectual-disabilities-icfid.html.

88.    New Mexico illegally narrows the definition of "related condition" by creating its own concept, which it calls "Specific Related Condition." 8.290.400.10(B)(2) and (3) NMAC.

89.    New Mexico must comport with federal law in its administration of the DD Waiver. *See, e.g.*, 42 CFR § 483.102.

90.    Federal law, which governs New Mexico's administration of community-based services that are alternatives to Nursing Facilities, defines mental retardation ("MR"), which is now called Intellectual Disability ("ID"). 42 CFR § 483.102.

91.    Under federal law, MR is either "(i) A level of retardation (mild, moderate, severe or profound) described in the American Association on Intellectual Disability's Manual on Classification in Intellectual Disability (1983)…" or "(ii) A related condition as defined by § 435.1010 of this chapter."

92.    Federal law defines persons with related conditions as "individuals who have a severe, chronic disability that meets all of the following conditions:

(a) It is attributable to—

(1) Cerebral palsy or epilepsy; *or*

(2) Any other condition, other than mental illness, found to be closely related to Intellectual Disability because this condition results in impairment of general intellectual functioning or adaptive behavior similar to that of mentally retarded

persons, and requires treatment or services similar to those required for these persons...." (42 CFR § 435.1010) (emphasis added).

93.     Under the federal definition, therefore, (2) above is sufficient to satisfy the definition of related condition.

94.     By contrast, under the New Mexico state definition, persons with disabilities who have conditions closely related to ID are excluded from the program unless they have one of the specific listed conditions found in NMAC 8.290.400.10(B)(3), even when their conditions result in impairments similar to that of people with intellectual disabilities and they require treatment or services similar to those required for persons with ID.

95.     The state definition arbitrarily narrows federal requirements and violates federal law, which created the concept of "related condition" to allow for conditions that look like ID, but which do not fit certain limitations in the definition of ID, including those related to IQ.

## D. Background on Fetal Alcohol Syndrome

96.     Fetal Alcohol Syndrome and Fetal Alcohol Spectrum Disorders ("FAS") describe a broad range of behavioral and morphological changes seen in children exposed to alcohol prenatally.

97.     FAS is a brain disorder associated with microcephaly and anomalies in the brain.

98.     Fetal alcohol syndrome is both a syndrome and a developmental disorder of brain formation.

99.     The effects of alcohol on a developing fetus include behavior problems, learning deficits, problems with synaptic communication, and biochemical defects.

17

100.     FAS leads to a variety of problems with brain chemicals, neurotransmitters, and learning and memory.

101.     FAS leads to brain damage. This brain damage does not heal or get better.

102.     FAS affects a person's IQ. However, IQ is a relatively insensitive measure of adaptive capability and functioning. There are other ways to measure cognition besides an IQ test. Intellectual functioning is a broad concept, and IQ is only a part of it.

103.     Relative to fetal alcohol syndrome, children can have normal IQ levels, but severe deficits in memory and adaptive skills.

104.     It is not possible to assess functioning based solely on IQ scores.

### E. O. O.'s DD Waiver Application

105.     The Department of Health did not properly complete the paperwork to determine whether or not O. O. qualifies for the DD Waiver.

106.     Many sections of the DOH eligibility paperwork were left blank. The "DD Waiver / SGF Determination Worksheet" used by the state was merely a draft, and no final version was ever furnished to the family.

107.     Nonetheless, the DOH found that O. O. did not qualify for the DD Waiver because she does not have intellectual disability and because she does not have a disability that appears on the list of specific related conditions in NMAC 8.290.400.10(B)(3).

108.     O. O. does not have a mental illness that would disqualify her from the Waiver.

109.     O. O. is a person with developmental disabilities. She is an otherwise qualified individual with a disability.

110.    O. O. meets the criteria in 8.290.400.10(B)(2)(b), (c), (d), and (e) NMAC. O. O. has a condition that (b) results in impairment of general intellectual functioning or adaptive behavior similar to that of persons with intellectual disability and requires treatment or services similar to individuals with ID; (c) manifested before she reached age 22 years; (d) is likely to continue indefinitely; and (e) results in substantial functional limitations in three or more of the following areas of major life activity: self-care, receptive and expressive language, learning, mobility, self-direction, capacity for independent living and economic self-sufficiency. O. O. unquestionably qualifies under these sections of the regulation.

F. Summary of Factual Claims

111.    Plaintiffs/Appellants allege that:

a.    O. O. is a child with fetal alcohol syndrome. She is a child with a developmental disability.

b.    The DOH did not adequately assess O. O.'s eligibility for the DD Waiver and therefore failed to meet its burden to show that she does not qualify for the Waiver with substantial evidence.

c.    O. O. meets the criteria for the DD Waiver and should immediately be added to the enrollment list.

d.    The existing regulations promulgated by DOH and HSD contravene federal law, which requires that "related condition" take into account conditions "found to be closely related to Intellectual Disability because this condition results in impairment of general intellectual functioning or adaptive behavior

similar to that of mentally retarded persons, and requires treatment or services similar to those required for these persons" in that they narrow these qualifying conditions to four categories: chromosomal disorders, syndrome disorders, inborn errors of metabolism, and developmental disorders of the brain formation. 42 CFR § 483.102; 42 CFR § 435.1010; 8.290.400.10(B)(2)(a)(iii) NMAC.

e.  The existing regulations further arbitrarily and capriciously narrow the disabilities that qualify for the DD Waiver by relying upon an outdated and irrelevant list of disorders, found in 8.290.400.10(B)(3) NMAC.

f.  Defendants have categorically denied O. O. from participation in the DD Waiver program based on her disability, fetal alcohol syndrome.

g.  Defendants have implemented and applied eligibility requirements that exclude O. O. from participation in the DD Waiver program based solely on her disability.

h.  Defendants' customs, policies, and regulations demonstrate a pattern and practice of deliberate indifference to the rights of O. O. and other persons with fetal alcohol syndrome to participate in the DD Waiver Program and to receive vital Medicaid services free from discrimination based on disability.

i.  Defendants denied O. O. the right to Register for the DD Waiver Program and the denial resulted in discrimination against O. O.

20

j.  In their criteria or methods or administration of the DD Waiver Program, Defendants have implemented policies and practices that have a disparate impact on O. O. as a person with fetal alcohol syndrome.

k.  Defendants' policies and practices relied upon to exclude O. O. constitute disparate treatment of O. O. on the basis of disability.

l.  Defendants' regulations, policies, and practices, which were implemented and relied on to exclude O. O., violate Section 504, the ADA, the United States Constitution, the New Mexico Constitution, the New Mexico Human Rights Act, and the New Mexico Administrative Procedures Act.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Violation of the Medicaid Act

112.  Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

113.  A State Medicaid program must use reasonable, ascertainable, and non-arbitrary standards and procedures for determining participant eligibility for any medical services provided. Those standards must also be applied when determining the nature and amount of those services. 42 U.S.C. § 1396a(a)(17).

114.  Due Process requires an individualized process where the actual needs of a participant are taken into account to determine eligibility for the DD Waiver Program, rather than the arbitrary exclusion from participation in the program for persons with fetal alcohol syndrome like O. O. as mandated by the contested regulations and employed by defendants.

Federal regulations are clear that individuals must receive coverage of a service "sufficient in amount, duration and scope to achieve its purpose." 42 CFR § 440.230(b).

115.    Medicaid agencies "may not arbitrarily deny or reduce the amount, duration, or scope of a required service…to an otherwise eligible beneficiary solely because of the diagnosis, type of illness, or condition." 42 CFR § 440.230(c).

116.    The New Mexico CMS application does not include limitations on eligibility categories. Yet Defendants have policies, practices and regulations that impermissibly exclude O. O. from accessing and participating in DD Waiver services.

117.    Under the "freedom of choice" provision of the Medicaid Act, 42 U.S.C. § 1396n(c)(2)(C), individuals with developmental disabilities, have, within cost limitations, freedom of choice regarding their services.

118.    Section 42 U.S.C. § 1396n(c), which focuses on Home and Community Based Services for individuals with disabilities, requires that the Defendants must guarantee that all individuals who are determined to be likely to require the level of care provided in a nursing home or ICF/MR are informed of the feasible alternatives to facility-based care, if available under the state's Waiver system.

119.    By implementing different standards for the DD Waiver than O. O. would receive for ICF/MR services, Defendants deny O. O. her entitlements under Medicaid.

## SECOND CLAIM FOR RELIEF

**Violation of Section 504 of the Rehabilitation Act and the
Americans with Disabilities Act**

120.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

121.    Because Defendants receive federal financial assistance, they were and at all times are subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and regulations promulgated thereunder, 45 CFR Part 84.

122.    Defendants are instrumentalities of New Mexico's state government and are public entities subject to the provisions of the ADA and the regulations promulgated thereunder, codified at 28 CFR Part 35. 42 U.S.C. § 12131(1)(A).

123.    The Rehabilitation Act and the ADA prohibit state governments from, *inter alia*, subjecting any qualified individual with a disability to discrimination in state programs on the basis of disability.

124.    Defendants cannot directly, or through contractual, licensing, or other arrangements, deny O. O. with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 42 U.S.C. § 12182.

125.    O. O. was excluded from participation in and denied the benefits of the DD Waiver program based on her disability.

126.    O. O. was denied the equal opportunity to participate in and benefit from the DD Waiver Program afforded to similarly situated individuals.

127.    Defendants utilize criteria and methods of administration in the DD Waiver program that have the effect of subjecting O. O. to discrimination on the basis of disability. 28 CFR § 35.130.

128.    Defendants have discriminated against O. O. by denying her the opportunity to participate in and benefit from Defendants' health services, programs and activities; affording her an unequal opportunity to participate in Defendants' health programs and services; and aiding and perpetuating discrimination by assisting the other Defendant agencies in discriminating against O. O. 28 CFR § 35.130(b)(1).

129.    Defendants have provided different or separate benefits or services to O. O. and to persons with fetal alcohol syndrome than is provided to others, in a manner not necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others. 28 CFR § 35.130(b)(1)(iv).

130.    Defendants have further discriminated against O. O. in violation of the ADA by utilizing criteria or methods of administration that have the effect of (i) subjecting O. O. to discrimination on the basis of disability; (ii) substantially impairing accomplishment of the objectives of Defendants' program; and (iii) perpetuating discrimination by other Defendant agencies subject to common administrative control. 28 CFR § 35.130(b)(3).

131.    Defendants have discriminated against O. O. on the basis of her disabilities by failing to make reasonable modifications in their policies, practices, or procedures.  Reasonable modification of Defendants' policies, practices, or procedures would not fundamentally alter the nature of their services, programs, or activities, but rather would further Defendants' stated goals. 28 CFR § 35.130(b)(7).

132.    Defendants have, in violation of law and regulation, imposed and applied eligibility criteria that screens out O. O. and persons with fetal alcohol syndrome and other

similar conditions from fully and equally enjoying any service, program, or activity. Such criteria are not necessary for the provision of the service, program, or activity being offered. 28 CFR § 35.130(b)(8).

133.    Defendants have violated O. O.'s rights under Section 504 of the Rehabilitation Act of 1973 and Title II of the ADA by:

a.      Denying O. O. the opportunity to participate in or benefit from the program and services of state government;

b.      Failing to provide reasonable accommodations to allow O. O. to participate fully in Defendants' programs and receive adequate services;

c.      Denying O. O. aid, benefits and services that are as effective as those provided to non-disabled persons or to persons with other disabilities;

d.      Failing to provide state programs, activities and services to O. O. in the least restrictive, community-based setting;

e.      Failing to provide and support appropriate community-based services, thereby denying O. O. the opportunity to benefit from Defendants' services, programs, and activities;

f.      Discriminating against O. O. in the operation of the community-based developmental disability system due to Plaintiff's disabilities; and

g.      Failing to make reasonable modifications in DOH policies and procedures when necessary to avoid discrimination against O. O. on the basis of disability.

134.    Defendants acted with deliberate indifference to O. O.'s right to receipt of public assistance free from discrimination on the basis of disability.

135.    Plaintiffs allege both disparate treatment and disparate impact.

136.    Plaintiffs request recovery of their attorneys' fees, expenses and costs pursuant to the Rehabilitation Act and the ADA.

### THIRD CLAIM FOR RELIEF

**Violation of New Mexico Rule Making Procedures and the
New Mexico Administrative Procedures Act**

137.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

138.    The New Mexico Administrative Procedures Act requires that proposed changes made to regulations during the rulemaking process be disclosed to the public. NMSA 1978 § 12-8-4.

139.    New Mexico law mandates that no proposed regulation affecting any person or agency outside the Department can be adopted without being properly promulgated. NMSA 1978 § 12-8-4.

140.    In 2012, Disability Rights New Mexico, the Protection and Advocacy organization for the state of New Mexico, expressed its concerns that the Department's regulations would unfairly marginalize from DD Waiver coverage people with related conditions due to environmental factors. Disregarding this public comment, Defendants promulgated the regulations with the impermissible limitations.

141.    The Defendants exceeded their authority by establishing and implementing regulations that impermissibly restrict persons with fetal alcohol syndrome and other related conditions from accessing and participating in the DD Waiver program and services when other

26

similarly situated persons are able to access and participate in the DD Waiver program and services.

142.    Regulation 8.290.400.10 NMAC is arbitrary and capricious and is an improper exercise of agency authority.

143.    Pursuant to NMSA 1978 § 12-8-8, Plaintiffs/Appellants seek a declaration that the regulations governing eligibility for the DD Waiver program interfere with and impair the rights of O. O.

## FOURTH CLAIM FOR RELIEF

### Violation of the Equal Protection and Due Process Clauses of the New Mexico Constitution

144.    Plaintiffs/Appellants repeat and incorporate by reference all of the above allegations of this complaint as though fully set forth herein.

145.    The New Mexico Constitution affirms that "No person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal protection of the laws." N.M. Const. Art. II, § 18.

146.    Defendants' actions deny O. O. equal protection under the law on the basis of disability when they fail to consider fetal alcohol syndrome as a related condition for the purposes of eligibility for the DD Waiver program, where other individuals similarly situated would be eligible to participate in the DD Waiver program.

147.    Disability is a "sensitive" class under the New Mexico Constitution and receives intermediate scrutiny.

148.    Defendants' differential treatment of O. O. based on her disability bears no rational relationship to any legitimate state interest, nor do they sufficiently advance any important or compelling state interest.

149.    As a result of Defendants' actions, O. O. has been denied access to medically necessary care provided to other similarly situated individuals in violation of the New Mexico Constitutional guarantee of due process and equal protection under the law to all persons.

## FIFTH CLAIM FOR RELIEF

### Violation of the New Mexico Human Rights Act

150.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

151.    The New Mexico Human Rights Act prohibits "any person in any public accommodation to make a distinction, directly or indirectly, in offering or refusing to offer its services, facilities, accommodations or goods to any person because of … physical or mental handicap…" NMSA 1978 § 28-1-7(F).

152.    The DD Waiver Program constitutes a public accommodation under the Human Rights Act because through this Medicaid Program Defendants offer medical services, facilities, accommodations and goods to persons. Where Defendants do not directly provide services, facilities, accommodations, or goods, they are the mechanism through which eligible individuals access medical services, facilities, accommodations, or goods.

153.    By denying the DD Waiver to O. O., Defendants engage in unlawful discriminatory practices in violation of the New Mexico Human Rights Act. NMSA 1978 § 27-1-7(F).

154.   As a result of Defendants' discrimination on the basis of disability, O. O. has been denied access to the DD Waiver Medicaid Program and services provided to other similarly situated Medicaid eligible individuals.

155.   Plaintiffs/Appellants will shortly file a written grievance with the human rights commission.

156.   In an action under the New Mexico Human Rights Act, if the complainant prevails, the court in its discretion may allow actual damages and reasonable attorney fees. NMSA 1978 § 28-1-13(D).

157.   Plaintiffs request recovery of their attorneys' fees pursuant to the New Mexico Human Rights Act.

## SIXTH CLAIM FOR RELIEF

### Violation of the Procedural Due Process Clause of the Fourteenth Amendment of the U.S. Constitution And related federal law

158.   Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

159.   In order to comply with the substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution, a State Medicaid program must use reasonable, ascertainable, and non-arbitrary standards and procedures for determining participant eligibility for any medical services provided. Those standards must also be applied when determining the nature and amount of those services. 42 U.S.C. § 1396a(a)(17).

160.   Due Process requires an individualized process where the needs of a participant are taken into account before the allocation of services, rather than the arbitrary exclusion of

conditions as mandated by the contested regulations and employed by defendants. Federal regulations are clear that individuals must receive coverage of a service "sufficient in amount, duration and scope to achieve its purpose." 42 CFR § 440.230(b).

161.    Medicaid agencies "may not arbitrarily deny or reduce the amount, duration, or scope of a required service…to an otherwise eligible beneficiary solely because of the diagnosis, type of illness, or condition." 42 CFR § 440.230(c).

162.    Plaintiffs/Appellants have a protected property interest in Developmental Disabilities Waiver services and other government funded treatment and services, which Defendants cannot deprive them of without due process of law. These services include state funding of habilitation services.

163.    The individual Defendants, acting under color of state law, and in their individual capacities during their tenure as state employees or state contractors, deprived Plaintiffs of these clearly established liberty and property rights and interests and did so without due process of law, which is actionable pursuant to 42 U.S.C. § 1983.

164.    As set forth above, the individual Defendants have violated Plaintiffs/Appellants' substantive due process rights, and have deprived them of their liberty and property rights without procedural due process of law.

165.    It has been necessary for Plaintiffs to employ counsel to prosecute this action to seek redress of their rights under 42 U.S.C. § 1983. Plaintiffs are therefore entitled to recovery of their attorneys' fees and cost pursuant to 42 U.S.C. § 1988.

166.    DOH regulations, as well as the policies, standards and practices employed by Defendants related to the DD Waiver, violate the rights of Plaintiffs guaranteed by the Due Process Clause of the 14th Amendment of the United States Constitution.

## SEVENTH CLAIM FOR RELIEF

### Declaration of the Rights of Persons with Fetal Alcohol Syndrome to Register for the DD Waiver

167.    Plaintiffs repeat and incorporate by reference all of the above allegations of this Complaint as though fully set forth herein.

168.    The New Mexico Declaratory Judgment Act provides a right to request judicial determination of "any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder." NMSA 1978 § 44-6-4.

169.    O. O. has been denied equal access to the DD Waiver under the Medicaid program because Defendants have misconstrued their obligations as allowing them to provide less than full benefits to persons with fetal alcohol syndrome.

170.    Defendants have misconstrued their obligations by excluding fetal alcohol syndrome from the list of related conditions that can be considered for eligibility for the DD Waiver Program when similarly situated individuals are able to access these programs and services.

171.    Declaratory Judgment is necessary to construe Defendants' obligations under New Mexico law to administer the Medicaid program in a manner that provides individuals with

fetal alcohol syndrome access to all benefits free from discrimination.

## VII. <u>RELIEF REQUESTED</u>

Plaintiffs/Appellants hereby request the following relief from the Court:

1. Issue an injunction ordering the HSD and DOH to immediately find O. O. eligible for services under the Developmental Disabilities Waiver and add her to the list of eligible Waiver recipients.

2. Issue a declaratory judgment stating that Defendants' actions, policies, practices and procedures violate state and federal law.

3. Issue an injunction prohibiting Defendants from implementing the current regulations.

4. Issue an injunction ordering defendants to re-write the regulation in 8.290.400.10 NMAC in a manner in accordance with federal law.

5. Issue an Order requiring Defendants to provide DD Waiver services to O. O. in accordance with federal and state law.

6. Retain jurisdiction over this matter to ensure that the Defendants comply with any orders or relief granted by the Court, or until O. O. receives services under the DD Waiver, whichever occurs later.

7. Award Plaintiffs their reasonable attorney's fees, expenses, and costs incurred in this litigation.

8. Provide any additional relief that the Court deems just and proper.

Respectfully Submitted by:

PEGASUS LEGAL SERVICES FOR CHILDREN

/s/ Matthew Bernstein
Matthew Bernstein
Tara Ford
3201 Fourth St. NW
Albuquerque, NM 87107
(505) 244-1101
(505) 244-0060 (Fax)
Hearing Counsel for Plaintiffs/Appellants
Appellate Counsel for Plaintiffs/Appellants

Attachment: Exhibit A, HSD Hearing Decision


## CERTIFICATE OF SERVICE AND CERTIFICATION OF ARRANGEMENT OF PREPARATION OF RECORD

I hereby certify that, on this 15th day of April, 2016, a true and accurate copy of the foregoing was sent to all parties of record and that a copy of the notice has been served in accordance with Subparagraph (1) of Paragraph F of Rule 1-074 NMRA. Satisfactory arrangements have been made with the agency for preparation of and payment, if required, for the record of the proceedings.

/s/ Matthew Bernstein
Matthew Bernstein





HUMAN SERVICES
DEPARTMENT

Susana Martinez, Governor
Brent Earnest, Secretary
Nancy Smith-Leslie, Director

March 16, 2016

Olyssia Olson
Attn/Care of: Sandra Frotier
4 Camino Masteno
Placitas, NM 87043-3145

15-DD-10053

## HEARING DECISION

The Medical Assistance Division (MAD) has reviewed and carefully considered the record of the fair hearing held on February 11, 2016, as well as the enclosed report and recommendation of the Administrative Law Judge (ALJ). I adopt and incorporate herein the ALJ's findings of fact and conclusions of law.

The combination of the testimonial and documentary evidence presented at the fair hearing were sufficient for the Department (HSD and DOH) to meet its evidentiary burden, as set forth in NMAC 8.352.2.14. For these reasons I uphold the Department's decision to deny Olyssia Olson's placement on the registry for the Developmental Disabilities Medicaid Waiver program.

The federal and state laws and regulations that are relevant to this decision are included in the hearing officer's report and are incorporated herein by reference.

If you do not agree with the decision, you may seek judicial review by filing a notice of appeal within thirty (30) days from the date of this decision with the First Judicial Court or in the state district court having jurisdiction over the office in which the hearing was conducted by telephone. An appeal may result in reversal of the decision. The Department will not pay for any fees or costs that you might incur as a result of an appeal.

Sincerely,

Nancy Smith-Leslie
Director

Enclosures

xc:
    David Bruce Nava, Esq., Administrative Law Judge
    Leslie Swisher, DOH
    Shalada Creecy, DOH
    Mathew Bernstein, Pegasus Law Services
    Annabelle Martinez, MAD/ESPB

3/21/16

SCANNED

MEDICAL ASSISTANCE DIVISION | PO BOX 2348 – SANTA FE, NM 87504 | PHONE: (505) 827-3103 FAX: (505) 827-3185



RECOMMENDATION OF THE ADMINISTRATIVE LAW JUDGE

OLYSSIA OLSON
SSN: XXX-XX-2040

| Represented by:<br>Matthew Bernstein, Esq. | Category:<br>DD | Case No.<br>15-DD-10053 | County:<br>MAD Central |
|---|---|---|---|

*Program*
DD

*Adverse Action*
Denial of Placement on the Central Registry

| Request Date:<br><br>10/15/2015 | Original<br>Hearing Date:<br><br>12/03/2016 | *Original<br>Due Date:<br><br>01/13/2016 | *Rescheduled<br>Hearing Date(s):<br><br>02/11/2016 | *Number of<br>Slippage Days<br>Allowed: | Report<br>Date:<br><br>03/04/16 | Due Date:<br><br>03/21/2016 |
|---|---|---|---|---|---|---|

RECOMMENDATION:

_____    I recommend in favor of the Claimant.  Refer to attached recommended action.

__X__    I recommend in favor of the Department.  Refer to attached recommended action.

_____    Other.  Refer to attached recommended action.

_____
Administrative Law Judge

Concerned Parties:

DOH- DD Waiver Program
5301 Central AVE NE
Suite 1700
Albuquerque, New Mexico  87108
Attn/Care of: Shalada Creecy

Medical Assistance Division
P.O. Box 2348
Santa Fe, New Mexico  87504
Attn/Care of: Karla Gonzales

Pegasus Law Services
3201 Fourth Street NW
Albuquerque, NM 87107
Attn/Care of: Mathew Bernstein

BEFORE THE FAIR HEARINGS BUREAU
HUMAN SERVICES DEPARTMENT
STATE OF NEW NEXICO

OLYSSIA OLSON
Appellant,

vs.                                                              Case No. 15-DD-10053

THE NEW MEXICO HUMAN
SERVICES DEPARTMENT and
THE NEW MEXICO DEPARTMENT
OF HEALTH
Appellees.

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION OF
THE ADMINISTRATIVE LAW JUDGE

THIS MATTER came on for hearing on February 11, 2016, at 1:00 PM upon a timely request

from Appellant (hereinafter "Olson") challenging an adverse action by Appellees (hereinafter

"HSD/DOH"), a denial of placement on the registry for the DD Medicaid Waiver Program. DOH

was represented by Assistant General Counsel Chris Woodward.  Olson was represented by

Matthew Bernstein, Esq., of Pegasus Legal Services for Children. Sworn testimony for

HSD/DOH was provided by Leslie Swisher, Bureau Chief for the Developmental Disabilities

Supports Division. Debra Hendricks from the DOH also attended but did not offer testimony.

Sworn testimony on behalf of Olson was presented by the following:

Ruth Lukasson, J.D.,
Chair of the Department of Educational Specialties
University of New Mexico

Daniel D. Savage, PhD.
New Mexico Alcohol Research Center
University of New Mexico

1

Piyadasa Kodituwakku, PhD.
Center for Development and Disability
University of New Mexico

Sandra Fortier
Mother of Olson

Olson, through her Counsel, was advised by the Administrative Law Judge, on the record, that the burden of proof lay with HSD/DOH and that the standard was a preponderance of the evidence.  Having been advised in all the premises and after due consideration of the relevant evidence, the Administrative Law Judge finds as follows:

## ISSUES PRESENTED

Did DOH/HSD correctly apply the applicable regulations when they denied Olson a place on the DD Waiver Medicaid program registry?

## EXHIBITS ADMITTED INTO EVIDENCE

For the DOH/HSD:

A. Application for a Section 1915 HCBS waiver, HCBS Waiver Application Version 3.3.

B. NMAC 8.290.400 *et. seq*., Recipient Policies, Medicaid Eligibility -- Home And Community Based Waiver Services (2007)

C. General Definitions DD programs, 42 CFR 483.102 Applicability and Definitions.

D. NMAC 200.430.9 Recipient Rights And Responsibilities Medical Eligibility General Recipient Policies (2008).

E. Eligibility-related conditions, 42 CFR 435.1009 ICF -- MR, 42 CFR 435.1010.

F. American Association of Mental Retardation Manual on Classification and Mental Retardation Eighth Edition 1983.

G. American Association Of Mental Retardation Ninth Edition 1992, 1997, Table Of Specific Related Conditions.

2

H. Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DS M – IV), 1994.

I. Application forms.

J. Contact notes.

K. Eligibility Determination Worksheet

L. UNM Center for Development and Disability Neuropsychological Exam

M. UNM FASD Diagnostic and Evaluation Program – Center for Development and Disability.

N. Presbyterian Medical Report.

O. Individualized Education Plan.

P. Correspondence.


For Olson:

1. NMSA §28-16A-6

2. Full AAMR list of "Disorders in Which Mental Retardation May Occur."

3. DSM-V definition of Intellectual Disability.

4. Current AAID Definition of Intellectual Disability.

5. Streissguth, *et. al.*, "Risk Factors for Adverse Life Outcomes in Fetal Alcohol Syndrome and Fetal Alcohol Effects," DEVELOPMENTAL AND BEHAVIOR PEDIATRICS Vol. 25, No. 4, August 2004.

6. Moore and Riley, "What Happens When Children with Fetal Alcohol Spectrum Disorders Become Adults?," CURR DEV DISORD REP (2015) 2:219-227.

7. Nuñez, *et. al.*, "Focus On: Structural And Functional Brain Abnormalities in Fetal Alcohol Spectrum Disorders." ALCOHOL RESEARCH AND HEALTH: THE

JOURNAL OF THE NATIONAL INSTITUTE ON ALSOHOL ABUSE AND

ALCOHOLISM, Vol. 34, No.1, 2011: 121-31.

FINDINGS OF FACT

1. On or about July 27, 2015, DOH sent Olson a notice that she did not qualify for the Developmental Disabilities Home and Community Based Waiver. (See, Exhibit P.)

2. Olson applied for placement on the Waiver on or about November 19, 2014. (See, Exhibit I.)

3. Developmental disabilities waiver services are intended for eligible recipients who have developmental disabilities limited to intellectual disability (IID) or a specific related condition as determined by the DOH/DDSD. An individual is considered to have Intellectual disability if she/he has significantly sub-average general intellectual functioning existing concurrently with deficits in adaptive behavior and manifested during the developmental period. An individual is considered to have a specific related condition if she/he has a severe chronic disability, other than mental illness, that meets all of the following conditions: It must be attributable to cerebral palsy or seizure disorder, or is attributable to autistic disorder (as described in the fourth edition of the diagnostic and statistical manual of mental disorders) or is attributable to chromosomal disorders (e.g. down), syndrome disorders, inborn errors of metabolism, or developmental disorders of the brain formation. Further, it must result in impairment of general intellectual functioning or adaptive behavior similar to that of persons with intellectual disability and requires treatment or services similar to individuals with ID. It must have manifested before the person reaches age 22 years, be likely to continue indefinitely, and

4

result in substantial functional limitations in three or more of the following areas of major life activity: self-care, receptive and expressive language, learning, mobility, self-direction, capacity for independent living and economic self-sufficiency. (See, Exhibits B, E, F, G and H.)

4. Evidence and Testimony at the hearing established that Olson does not have a Developmental Disability as determined by the DOH/DDSD, which is a condition precedent to participate in the DD Waiver Program. (See, Exhibit K.)

5. Counsel for Appellant has argued, both at the hearing and in his closing brief, that the information upon which DOH relies in making its decisions is out of date and does not reflect current thinking about Developmentally Disabled individuals by those most closely involved in treating and studying such individuals. That is probably true. For instance, administrative notice is taken that the process relies upon reference to the Diagnostic and Statistical Manual Volume 4, when Volume 5 of that work is already in general use. It also uses terminology no longer deemed clinically appropriate, such as "mental retardation". DOH's witness readily pointed out the discrepancies between standards in common use today and those mandated by the regulations as they exist, testimony which was echoed by one of the Appellant's witnesses. (See, Generally, Hearing Recording, Testimony of Leslie Swisher and Ruth Lukasson and Exhibits B, C, D and H.) However, it is not within the purview of the undersigned ALJ, nor is it within the jurisdiction of the Fair Hearings Bureau to recommend a decision to the Director of the Medical Assistance Division which contravenes existing regulation. As Counsel for Appellees has correctly argued, both at Hearing and in his closing brief, these are arguments for regulatory and/or legislative hearings, but not before the present Tribunal.

5

6.  DOH acted properly in denying Olson registry placement at this time.

## APPLICABLE REGULATIONS

The regulations relied upon by DOH/HSD in this matter may be found in the Summary of Evidence.  (See, Exhibits A, B, C, D, E, F, G and H.)

## CONCLUSIONS OF LAW

1.  HSD/DOH has met their burden of proof in this matter, by a preponderance of the evidence, pursuant to NMAC 8.352.2.14(D).

2.  A determination of non-eligibility in this case was appropriate, pursuant to NMAC 8.290.400, *et. seq.*

## RECOMMENDATION

The Administrative Law Judge recommends to the Director that HSD should uphold the action taken by DOH in this matter, pursuant to NMAC 8.352.2.17, *et. seq.*

Respectfully Submitted,

David Bruce Nava, Esq.
Administrative Law Judge

March 4, 2016

6

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/18/2016 3:58:42 PM
STEPHEN T. PACHECO
Angelica Gonzalez

**SUMMONS**

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

**SANDRA FORTIER and PAUL OLSON**
**On behalf of O. O., a minor child,**

       **Appellants / Plaintiffs**

                                    **No. D-101-CV-2016-01019**
                                    **Hon. David K. Thomson**

**vs.**

**THE NEW MEXICO HUMAN SERVICES DEPARTMENT and**
**THE NEW MEXICO DEPARTMENT OF HEALTH;**
**BRENT EARNEST, Secretary, New Mexico**
**Human Services Department, in his official capacity;**
**LYNN GALLAGHER, Acting Cabinet Secretary,**
**New Mexico Department of Health, in her official capacity;**
**CATHY STEVENSON, Director, Developmental Disabilities**
**Supports Division of the New Mexico Department of Health,**
**in her official capacity;**
**NANCY SMITH-LESLIE, Director, Medical Assistance Division**
**of the New Mexico Human Services Department, in her official capacity,**

       **Appellees / Defendants.**

**SUMMONS**

**TO:** Attorney General of the State of New Mexico (in respect of Nancy Smith-Leslie)

**ADDRESS**: Litigation Division, 408 Galisteo St, Villagra Building, Santa Fe, NM 87501

Take notice that:

1.  A Notice of Appeal and Complaint for Declaratory and Injunctive Relief and Attorney's Fees and Costs has been filed naming you as the respondent. A copy of the Appeal and Complaint is attached. The Court issued this Summons.

2.  You must serve a responsive pleading or motion within thirty (30) days after service of this summons and file a copy of the pleading or motion with the court as provided by Rule 1-005 NMRA.

3.  If you do not respond in writing, the Court may enter judgment against you as requested in the Petition.

Dated at _____Santa Fe_____, New Mexico, this 18th day of April 2016.

_____STEPHEN T. PACHECO_____
CLERK OF COURT

By: _Angelica Gonzalez_
      Deputy

/s/ Matthew Bernstein
Matthew Bernstein
Pegasus Legal Services for Children
Attorney for Fortier/Olson Family
3201 Fourth Street NW
Albuquerque, NM 87107
505-244-1101 phone
505-244-0060 fax

**RETURN**

STATE OF NEW MEXICO          )
                                                     )     ss.
COUNTY OF _____  )

I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, _____, by delivering a copy thereof, with copy of this summons, with a copy of petition attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ]    to the Respondent *(used when Respondent receives copy of summons and petition or refuses to receive summons and petition).*

[ ]    to the Respondent by [mail] [courier service] as provided by Rule 1-004 *NMRA (used when service is by mail or commercial courier service).*

After attempting to serve the summons and petition on the Respondent by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of petition attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Respondent _____, *(used when the Respondent is not presently at place of abode)* and by mailing by first class mail to the Respondent at _____ *(insert Respondent's last known mailing address)* a copy of the summons and petition.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the Respondent and by mailing by first class mail to the Respondent at _____ *(insert Respondent's last known mailing address).*

[ ]    to _____, an agent authorized to receive service of process for Respondent _____.

[ ]    to _____, (parent) (guardian) (conservator) (guardian ad litem) of Respondent _____ *(used when respondent is a minor or an incompetent person).*

[ ]    to _____, *(name of person,* _____, *(title of person* authorized to receive service.  Use this alternative when the Respondent is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

_____
Signature of person making service

_____
**Title** *(if any)*

*Subscribed and sworn to before me this _____ day of _____, 2016.

_____                *If service is made by the sheriff or a deputy
Judge, notary or other officer authorized            sheriff of a New Mexico county, the signature
to administer oaths                                  the sheriff or deputy sheriff need not be notarized.

_____
Official title

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/18/2016 4:06:08 PM
STEPHEN T. PACHECO
Angelica Gonzalez

**SUMMONS**

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

**SANDRA FORTIER and PAUL OLSON**
**On behalf of O. O., a minor child,**

       **Appellants / Plaintiffs**

                                    **No. D-101-CV-2016-01019**
                                    **Hon. David K. Thomson**

**vs.**

**THE NEW MEXICO HUMAN SERVICES DEPARTMENT and**
**THE NEW MEXICO DEPARTMENT OF HEALTH;**
**BRENT EARNEST, Secretary, New Mexico**
**Human Services Department, in his official capacity;**
**LYNN GALLAGHER, Acting Cabinet Secretary,**
**New Mexico Department of Health, in her official capacity;**
**CATHY STEVENSON, Director, Developmental Disabilities**
**Supports Division of the New Mexico Department of Health,**
**in her official capacity;**
**NANCY SMITH-LESLIE, Director, Medical Assistance Division**
**of the New Mexico Human Services Department, in her official capacity,**

       **Appellees / Defendants.**

**SUMMONS**

**TO:** Attorney General of the State of New Mexico (in respect of Brent Earnest)

**ADDRESS**: Litigation Division, 408 Galisteo St, Villagra Building, Santa Fe, NM 87501

Take notice that:

1.  A Notice of Appeal and Complaint for Declaratory and Injunctive Relief and Attorney's Fees
    and Costs has been filed naming you as the respondent. A copy of the Appeal and Complaint
    is attached. The Court issued this Summons.

2.  You must serve a responsive pleading or motion within thirty (30) days after service of this summons and file a copy of the pleading or motion with the court as provided by Rule 1-005 NMRA.

3.  If you do not respond in writing, the Court may enter judgment against you as requested in the Petition.

Dated at _____Santa Fe_____, New Mexico, this _18th_ day of 2016.
                                                                                         April

____STEPHEN T. PACHECO____
CLERK OF COURT

By: _Angelica Gonzales_
Deputy

/s/ Matthew Bernstein
Matthew Bernstein
Pegasus Legal Services for Children
Attorney for Fortier/Olson Family
3201 Fourth Street NW
Albuquerque, NM 87107
505-244-1101 phone
505-244-0060 fax

**RETURN**

STATE OF NEW MEXICO    )
                      )   **ss.**

COUNTY OF _____  )

I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, _____, by delivering a copy thereof, with copy of this summons, with a copy of petition attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ]   to the Respondent *(used when Respondent receives copy of summons and petition or refuses to receive summons and petition).*

[ ]   to the Respondent by [mail] [courier service] as provided by Rule 1-004 *NMRA (used when service is by mail or commercial courier service).*

After attempting to serve the summons and petition on the Respondent by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of petition attached, in the following manner:

[ ]  to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Respondent _____, *(used when the Respondent is not presently at place of abode)* and by mailing by first class mail to the Respondent at _____ (*insert Respondent's last known mailing address*) a copy of the summons and petition.

[ ]  to _____, the person apparently in charge at the actual place of business or employment of the Respondent and by mailing by first class mail to the Respondent at _____ (*insert Respondent's last known mailing address*).

[ ]  to _____, an agent authorized to receive service of process for Respondent _____.

[ ]  to _____, (parent) (guardian) (conservator) (guardian ad litem) of Respondent _____ *(used when respondent is a minor or an incompetent person).*

[ ]  to _____, (*name of person,* _____, (*title of person* authorized to receive service. Use this alternative when the Respondent is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

_____
Signature of person making service

_____
**Title** *(if any)*

*Subscribed and sworn to before me this _____ day of _____, 2016.

_____    *If service is made by the sheriff or a deputy
Judge, notary or other officer authorized    sheriff of a New Mexico county, the signature
to administer oaths    the sheriff or deputy sheriff need not be notarized.*

_____
Official title

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/18/2016 4:08:14 PM
STEPHEN T. PACHECO
Angelica Gonzalez

**SUMMONS**

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

**SANDRA FORTIER and PAUL OLSON**
**On behalf of O. O., a minor child,**

      **Appellants / Plaintiffs**

                                         **No. D-101-CV-2016-01019**
                                         **Hon. David K. Thomson**

**vs.**

**THE NEW MEXICO HUMAN SERVICES DEPARTMENT and**
**THE NEW MEXICO DEPARTMENT OF HEALTH;**
**BRENT EARNEST, Secretary, New Mexico**
**Human Services Department, in his official capacity;**
**LYNN GALLAGHER, Acting Cabinet Secretary,**
**New Mexico Department of Health, in her official capacity;**
**CATHY STEVENSON, Director, Developmental Disabilities**
**Supports Division of the New Mexico Department of Health,**
**in her official capacity;**
**NANCY SMITH-LESLIE, Director, Medical Assistance Division**
**of the New Mexico Human Services Department, in her official capacity,**

      **Appellees / Defendants.**

**SUMMONS**

**TO:** Attorney General of the State of New Mexico (in respect of Lynn Gallagher)

**ADDRESS**: Litigation Division, 408 Galisteo St, Villagra Building, Santa Fe, NM 87501

Take notice that:

1.  A Notice of Appeal and Complaint for Declaratory and Injunctive Relief and Attorney's Fees
    and Costs has been filed naming you as the respondent. A copy of the Appeal and Complaint
    is attached. The Court issued this Summons.

2. You must serve a responsive pleading or motion within thirty (30) days after service of this summons and file a copy of the pleading or motion with the court as provided by Rule 1-005 NMRA.

3. If you do not respond in writing, the Court may enter judgment against you as requested in the Petition.

Dated at _____ Santa Fe _____, New Mexico, this 18th day of April 2016.

_____ STEPHEN T. PACHECO _____
CLERK OF COURT

By: _Angelica Gonzales_
    Deputy

/s/ Matthew Bernstein
Matthew Bernstein
Pegasus Legal Services for Children
Attorney for Fortier/Olson Family
3201 Fourth Street NW
Albuquerque, NM 87107
505-244-1101 phone
505-244-0060 fax

**RETURN**

STATE OF NEW MEXICO )
                      )    **ss.**
COUNTY OF _____ )

I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, _____, by delivering a copy thereof, with copy of this summons, with a copy of petition attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ]   to the Respondent *(used when Respondent receives copy of summons and petition or refuses to receive summons and petition).*

[ ]   to the Respondent by [mail] [courier service] as provided by Rule 1-004 *NMRA (used when service is by mail or commercial courier service).*

After attempting to serve the summons and petition on the Respondent by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of petition attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Respondent _____, *(used when the Respondent is not presently at place of abode)* and by mailing by first class mail to the Respondent at _____ *(insert Respondent's last known mailing address)* a copy of the summons and petition.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the Respondent and by mailing by first class mail to the Respondent at _____ *(insert Respondent's last known mailing address).*

[ ]   to _____, an agent authorized to receive service of process for Respondent _____.

[ ]   to _____, (parent) (guardian) (conservator) (guardian ad litem) of Respondent _____ *(used when respondent is a minor or an incompetent person).*

[ ]   to _____, (*name of person,* _____, (*title of person* authorized to receive service. Use this alternative when the Respondent is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

_____
Signature of person making service

_____
**Title** *(if any)*

*Subscribed and sworn to before me this _____ day of _____, 2016.

_____
Judge, notary or other officer authorized
to administer oaths

_____
Official title

*If service is made by the sheriff or a deputy
sheriff of a New Mexico county, the signature
the sheriff or deputy sheriff need not be notarized.*

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/18/2016 4:11:08 PM
STEPHEN T. PACHECO
Angelica Gonzalez

**SUMMONS**

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

**SANDRA FORTIER and PAUL OLSON**
**On behalf of O. O., a minor child,**

       **Appellants / Plaintiffs**

                                          **No. D-101-CV-2016-01019**
                                          **Hon. David K. Thomson**

**vs.**

**THE NEW MEXICO HUMAN SERVICES DEPARTMENT and**
**THE NEW MEXICO DEPARTMENT OF HEALTH;**
**BRENT EARNEST, Secretary, New Mexico**
**Human Services Department, in his official capacity;**
**LYNN GALLAGHER, Acting Cabinet Secretary,**
**New Mexico Department of Health, in her official capacity;**
**CATHY STEVENSON, Director, Developmental Disabilities**
**Supports Division of the New Mexico Department of Health,**
**in her official capacity;**
**NANCY SMITH-LESLIE, Director, Medical Assistance Division**
**of the New Mexico Human Services Department, in her official capacity,**

       **Appellees / Defendants.**

**<u>SUMMONS</u>**

**TO:** Attorney General of the State of New Mexico (in respect of Cathy Stevenson)

**ADDRESS**: Litigation Division, 408 Galisteo St, Villagra Building, Santa Fe, NM 87501

Take notice that:

1. A Notice of Appeal and Complaint for Declaratory and Injunctive Relief and Attorney's Fees
   and Costs has been filed naming you as the respondent. A copy of the Appeal and Complaint
   is attached. The Court issued this Summons.

2. You must serve a responsive pleading or motion within thirty (30) days after service of this summons and file a copy of the pleading or motion with the court as provided by Rule 1-005 NMRA.

3. If you do not respond in writing, the Court may enter judgment against you as requested in the Petition.

Dated at _____Santa Fe_____, New Mexico, this 18th day of April 2016.

___STEPHEN T. PACHECO___
CLERK OF COURT

By: _Angelica Gonzalez_
    Deputy

/s/ Matthew Bernstein
Matthew Bernstein
Pegasus Legal Services for Children
Attorney for Fortier/Olson Family
3201 Fourth Street NW
Albuquerque, NM 87107
505-244-1101 phone
505-244-0060 fax

**RETURN**

STATE OF NEW MEXICO    )
                               )   **ss.**
COUNTY OF _____ )

I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, _____, by delivering a copy thereof, with copy of this summons, with a copy of petition attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ]    to the Respondent *(used when Respondent receives copy of summons and petition or refuses to receive summons and petition).*

[ ]    to the Respondent by [mail] [courier service] as provided by Rule 1-004 *NMRA (used when service is by mail or commercial courier service).*

After attempting to serve the summons and petition on the Respondent by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of petition attached, in the following manner:

[ ]    to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Respondent _____, *(used when the Respondent is not presently at place of abode)* and by mailing by first class mail to the Respondent at _____ *(insert Respondent's last known mailing address)* a copy of the summons and petition.

[ ]    to _____, the person apparently in charge at the actual place of business or employment of the Respondent and by mailing by first class mail to the Respondent at _____ *(insert Respondent's last known mailing address).*

[ ]    to _____, an agent authorized to receive service of process for Respondent _____.

[ ]    to _____, (parent) (guardian) (conservator) (guardian ad litem) of Respondent _____ *(used when respondent is a minor or an incompetent person).*

[ ]    to _____, *(name of person,* _____, *(title of person* authorized to receive service. Use this alternative when the Respondent is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

                         _____
                         Signature of person making service

                         _____
                         **Title** *(if any)*

*Subscribed and sworn to before me this _____ day of _____, 2016.

_____     *If service is made by the sheriff or a deputy
Judge, notary or other officer authorized     sheriff of a New Mexico county, the signature
to administer oaths                           the sheriff or deputy sheriff need not be notarized.

_____
Official title

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/20/2016 1:47:49 PM
STEPHEN T. PACHECO
Angelica Gonzalez

**SUMMONS**

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

**SANDRA FORTIER and PAUL OLSON**
**On behalf of O. O., a minor child,**

       **Appellants / Plaintiffs**

                            **No. D-101-CV-2016-01019**
                            **Hon. David K. Thomson**

**vs.**

**THE NEW MEXICO HUMAN SERVICES DEPARTMENT and**
**THE NEW MEXICO DEPARTMENT OF HEALTH;**
**BRENT EARNEST, Secretary, New Mexico**
**Human Services Department, in his official capacity;**
**LYNN GALLAGHER, Acting Cabinet Secretary,**
**New Mexico Department of Health, in her official capacity;**
**CATHY STEVENSON, Director, Developmental Disabilities**
**Supports Division of the New Mexico Department of Health,**
**in her official capacity;**
**NANCY SMITH-LESLIE, Director, Medical Assistance Division**
**of the New Mexico Human Services Department, in her official capacity,**

       **Appellees / Defendants.**

<u>**SUMMONS**</u>

**TO:** Attorney General of the State of New Mexico (in respect of The New Mexico Department

of Health)

**ADDRESS**: Litigation Division, 408 Galisteo St, Villagra Building, Santa Fe, NM 87501

Take notice that:

1. A Notice of Appeal and Complaint for Declaratory and Injunctive Relief and Attorney's Fees and Costs has been filed naming you as the respondent. A copy of the Appeal and Complaint is attached. The Court issued this Summons.

2. You must serve a responsive pleading or motion within thirty (30) days after service of this summons and file a copy of the pleading or motion with the court as provided by Rule 1-005 NMRA.

3. If you do not respond in writing, the Court may enter judgment against you as requested in the Petition.

Dated at _____Santa Fe_____, New Mexico, this 20th day of $\overset{\text{April}}{2016}$.

STEPHEN T. PACHECO
CLERK OF COURT

By: _Angelica Gonzalez_____
Deputy

/s/ Matthew Bernstein
Matthew Bernstein
Pegasus Legal Services for Children
Attorney for Fortier/Olson Family
3201 Fourth Street NW
Albuquerque, NM 87107
505-244-1101 phone
505-244-0060 fax

**RETURN**

STATE OF NEW MEXICO    )
                             )    **ss.**
COUNTY OF _____ )

I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, _____, by delivering a copy thereof, with copy of this summons, with a copy of petition attached, in the following manner:

***(check one box and fill in appropriate blanks)***

[ ]   to the Respondent *(used when Respondent receives copy of summons and petition or refuses to receive summons and petition).*

[ ]   to the Respondent by [mail] [courier service] as provided by Rule 1-004 *NMRA (used when service is by mail or commercial courier service).*

After attempting to serve the summons and petition on the Respondent by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of petition attached, in the following manner:

[ ]  to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Respondent _____, *(used when the Respondent is not presently at place of abode)* and by mailing by first class mail to the Respondent at _____ (*insert Respondent's last known mailing address)* a copy of the summons and petition.

[ ]  to _____, the person apparently in charge at the actual place of business or employment of the Respondent and by mailing by first class mail to the Respondent at _____ (*insert Respondent's last known mailing address).*

[ ]  to _____, an agent authorized to receive service of process for Respondent _____.

[ ]  to _____, (parent) (guardian) (conservator) (guardian ad litem) of Respondent _____ *(used when respondent is a minor or an incompetent person).*

[ ]  to _____, (*name of person,* _____, (*title of person* authorized to receive service.  Use this alternative when the Respondent is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

_____
Signature of person making service

_____
**Title** *(if any)*

*Subscribed and sworn to before me this _____ day of _____, 2016.

_____
Judge, notary or other officer authorized
to administer oaths

_____
Official title

*If service is made by the sheriff or a deputy
sheriff of a New Mexico county, the signature
the sheriff or deputy sheriff need not be notarized.*

FILED IN MY OFFICE
DISTRICT COURT CLERK
4/20/2016 1:50:36 PM
STEPHEN T. PACHECO
Angelica Gonzalez

**SUMMONS**

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

**SANDRA FORTIER and PAUL OLSON**
**On behalf of O. O., a minor child,**

      **Appellants / Plaintiffs**

                                  **No. D-101-CV-2016-01019**
                                    **Hon. David K. Thomson**

**vs.**

**THE NEW MEXICO HUMAN SERVICES DEPARTMENT and**
**THE NEW MEXICO DEPARTMENT OF HEALTH;**
**BRENT EARNEST, Secretary, New Mexico**
**Human Services Department, in his official capacity;**
**LYNN GALLAGHER, Acting Cabinet Secretary,**
**New Mexico Department of Health, in her official capacity;**
**CATHY STEVENSON, Director, Developmental Disabilities**
**Supports Division of the New Mexico Department of Health,**
**in her official capacity;**
**NANCY SMITH-LESLIE, Director, Medical Assistance Division**
**of the New Mexico Human Services Department, in her official capacity,**

      **Appellees / Defendants.**

**SUMMONS**

**TO:** Attorney General of the State of New Mexico (in respect of The New Mexico Human

Services Department)

**ADDRESS**: Litigation Division, 408 Galisteo St, Villagra Building, Santa Fe, NM 87501

Take notice that:

1. A Notice of Appeal and Complaint for Declaratory and Injunctive Relief and Attorney's Fees and Costs has been filed naming you as the respondent. A copy of the Appeal and Complaint is attached. The Court issued this Summons.

2. You must serve a responsive pleading or motion within thirty (30) days after service of this summons and file a copy of the pleading or motion with the court as provided by Rule 1-005 NMRA.

3. If you do not respond in writing, the Court may enter judgment against you as requested in the Petition.

Dated at _____Santa Fe_____, New Mexico, this 20th day of April 2016.

___STEPHEN T. PACHECO___
CLERK OF COURT

By: _____
     Deputy

/s/ Matthew Bernstein
Matthew Bernstein
Pegasus Legal Services for Children
Attorney for Fortier/Olson Family
3201 Fourth Street NW
Albuquerque, NM 87107
505-244-1101 phone
505-244-0060 fax

**RETURN**

STATE OF NEW MEXICO     )

                             )    **ss.**

COUNTY OF _____  )

I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ County on the _____ day of _____, _____, by delivering a copy thereof, with copy of this summons, with a copy of petition attached, in the following manner:

*(check one box and fill in appropriate blanks)*

[ ]   to the Respondent *(used when Respondent receives copy of summons and petition or refuses to receive summons and petition).*

[ ]   to the Respondent by [mail] [courier service] as provided by Rule 1-004 *NMRA (used when service is by mail or commercial courier service).*

After attempting to serve the summons and petition on the Respondent by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of petition attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Respondent _____, *(used when the Respondent is not presently at place of abode)* and by mailing by first class mail to the Respondent at _____ (*insert Respondent's last known mailing address)* a copy of the summons and petition.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the Respondent and by mailing by first class mail to the Respondent at _____ (*insert Respondent's last known mailing address).*

[ ]   to _____, an agent authorized to receive service of process for Respondent _____.

[ ]   to _____, (parent) (guardian) (conservator) (guardian ad litem) of Respondent _____ *(used when respondent is a minor or an incompetent person).*

[ ]   to _____, (*name of person,* _____, (*title of person* authorized to receive service. Use this alternative when the Respondent is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _____

                                             _____
                                           Signature of person making service

                                           _____
                                           **Title** *(if any)*

*Subscribed and sworn to before me this _____ day of _____, 2016.

_____    *If service is made by the sheriff or a deputy
Judge, notary or other officer authorized      sheriff of a New Mexico county, the signature
to administer oaths                        the sheriff or deputy sheriff need not be notarized.

_____
Official title

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/16/2016 1:13:19 PM
STEPHEN T. PACHECO
Angelica Gonzalez

FIRST JUDICIAL DISTRICT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

**SANDRA FORTIER and PAUL OLSON**
**On behalf of O.O., a minor child,**
                **Appellants/Plaintiffs**

**vs.**                                    **D-101-CV-2016-01019**

**THE NEW MEXICO HUMAN SERVICES DEPARTMENT and**
**THE NEW MEXICO DEPARTMENT OF HEALTH;**
**BRENT EARNEST, Secretary, New Mexico**
**Human Services Department, in his official capacity;**
**LYNN GALLAGHER, Acting Cabinet Secretary,**
**New Mexico Department of Health, in her official capacity;**
**CATHY STEVENSON, Director, Developmental Disabilities**
**Supports Division of the New Mexico Department of Health,**
**In her official capacity;**
**NANCY SMITH-LESLIE, Director, Medical Assistance Division**
**Of the New Mexico Human Services Department, in her official capacity,**
                **Appellees/Defendants.**


## ENTRY OF APPEARANCE

        J. Kate Girard and Katherine Wray, Wray & Girard, P.C., herby enter their appearances

as co-counsel for Appellants/Plaintiffs in the above-captioned case.



                        Respectfully submitted,



                        WRAY & GIRARD, P.C.

        By:     _____
                        J. Kate Girard
                        102 Granite Ave NW
                        Albuquerque, NM 87102-2310
                        Tel: 505-842-8492
                        Fax: 505-243-2750

jkgirard@wraygirard.com

By:   *Katherine Wray*

Katherine Wray
102 Granite Ave NW
Albuquerque, NM 87102-2310
Tel: 505-842-8492
Fax: 505-243-2750
kwray@wraygirard.com

We hereby certify that on this 16th day of May 2016, we have served a true and correct copy of the foregoing paper on all counsel of record through the Odyssey System.

*Katherine Wray*

Wray & Girard, P.C.

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/16/2016 2:49:17 PM
STEPHEN T. PACHECO
Victoria Martinez

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

SANDRA FORTIER and PAUL OLSON
On behalf of O. O., a minor child,

      Appellants / Plaintiffs

                              No. D-101-CV-2016-01019

vs.

THE NEW MEXICO HUMAN SERVICES DEPARTMENT and
THE NEW MEXICO DEPARTMENT OF HEALTH;
BRENT EARNEST, Secretary, New Mexico
Human Services Department, in his official capacity;
LYNN GALLAGHER, Acting Cabinet Secretary,
New Mexico Department of Health, in her official capacity;
CATHY STEVENSON, Director, Developmental Disabilities
Supports Division of the New Mexico Department of Health,
in her official capacity;
NANCY SMITH-LESLIE, Director, Medical Assistance Division
of the New Mexico Human Services Department, in her official capacity,

      Appellees / Defendants.

## NOTICE OF COMPLETION OF SERVICE

Petitioners Sandra Fortier and Paul Olson, on behalf of their daughter O. O., by and

through counsel Pegasus Legal Services for Children, Matthew Bernstein, respectfully notify

the Court that notice of appeal and complaint in this matter for the following Defendants

were served on New Mexico Attorney General Hector Balderas by certified mail on April 25,

2016, pursuant to Rule 1-004(H)(1)(b) and (c) NMRA: the New Mexico Human Services

Department; the New Mexico Department of Health; Brent Earnest, in his official capacity;

Lynn Gallagher, in her official capacity; Cathy Stevenson, in her official capacity; and Nancy

Smith-Leslie, in her official capacity. Proof of delivery of said service is attached with this

notice.

Respectfully submitted by:

/s/ Matthew Bernstein
Matthew Bernstein
Attorney for Sandra Fortier and Paul Olson
3201 Fourth Street NW
Albuquerque, NM 87107
(505) 244-1101
(505) 244-0060 fax

CERTIFICATE OF SERVICE
I hereby certify that Petitioner provided a copy of the foregoing to counsel of record on May
16, 2016.

/s/ Matthew Bernstein
Matthew Bernstein

English     Customer Service     USPS Mobile                                          Register / Sign In

# ☒USPS.COM®

## USPS Tracking®


Customer Service ›
Have questions? We're here to help.


Get Easy Tracking Updates ›
Sign up for My USPS.

Tracking Number: **9410803699300078945410**

Updated Delivery Day: **Saturday, April 23, 2016**
Signed for By: B VIGIL // SANTA FE, NM  87504 // 7:38 am

## Product & Tracking Information

### Available Actions

**Postal Product:**         **Features:**
Priority Mail 2-Day™        Signature Confirmation™     Up to $50 insurance included
                                                        Restrictions Apply

Proof of Delivery

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **April 25, 2016 , 7:38 am** | Delivered, Individual Picked Up at Postal Facility | **SANTA FE, NM 87504** |

Your item was picked up at a postal facility at 7:38 am on April 25, 2016 in SANTA FE, NM 87504. The item was signed for by B VIGIL.

| | | |
|---|---|---|
| April 23, 2016 , 11:47 am | Available for Pickup | SANTA FE, NM 87501 |
| April 23, 2016 , 9:42 am | Out for Delivery | SANTA FE, NM 87504 |
| April 23, 2016 , 9:32 am | Sorting Complete | SANTA FE, NM 87504 |
| April 23, 2016 , 9:32 am | Arrived at Post Office | SANTA FE, NM 87501 |
| April 23, 2016 , 2:36 am | Departed USPS Facility | ALBUQUERQUE, NM 87121 |
| April 22, 2016 , 11:54 pm | Arrived at USPS Facility | ALBUQUERQUE, NM 87121 |
| April 22, 2016 , 10:39 pm | Accepted at USPS Origin Facility | ALBUQUERQUE, NM 87107 |
| April 21, 2016 | Pre-Shipment Info Sent to USPS | |

## Track Another Package

Tracking (or receipt) number

[                                                    ]          Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.



Sign up for My USPS ›

**UNITED STATES**
**POSTAL SERVICE**

Date: April 28, 2016

nicole saunders:

The following is in response to your April 28, 2016 request for delivery information on
your Signature Confirmation™ item number 9410803699300078945410. The delivery
record shows that this item was delivered on April 25, 2016 at 7:38 am in SANTA FE,
NM 87504 to B VIGIL. The scanned image of the recipient information is provided
below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/6/2016 2:49:17 PM
STEPHEN T. PACHECO
Victoria Martinez

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

SANDRA FORTIER and PAUL OLSON
On behalf of O. O., a minor child,

      Appellants / Plaintiffs

                                  No. D-101-CV-2016-01019

vs.

THE NEW MEXICO HUMAN SERVICES DEPARTMENT and
THE NEW MEXICO DEPARTMENT OF HEALTH;
BRENT EARNEST, Secretary, New Mexico
Human Services Department, in his official capacity;
LYNN GALLAGHER, Acting Cabinet Secretary,
New Mexico Department of Health, in her official capacity;
CATHY STEVENSON, Director, Developmental Disabilities
Supports Division of the New Mexico Department of Health,
in her official capacity;
NANCY SMITH-LESLIE, Director, Medical Assistance Division
of the New Mexico Human Services Department, in her official capacity,

      Appellees / Defendants.

## NOTICE OF COMPLETION OF SERVICE

      Petitioners Sandra Fortier and Paul Olson, on behalf of their daughter O. O., by and

through counsel Pegasus Legal Services for Children, Matthew Bernstein, respectfully notify

the Court that notice of appeal and complaint were served on Chris Woodward by certified

mail on April 28, 2016. Proof of delivery of said service is attached with this notice.

                                Respectfully submitted by:

                                /s/ Matthew Bernstein
                                Matthew Bernstein
                                Attorney for Sandra Fortier and Paul Olson
                                3201 Fourth Street NW
                                Albuquerque, NM 87107
                                (505) 244-1101

(505) 244-0060 fax

CERTIFICATE OF SERVICE
I hereby certify that Petitioner provided a copy of the foregoing to counsel of record on May 16, 2016.

/s/ Matthew Bernstein
Matthew Bernstein

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chris Woodward, AGC
NM Dept. of Health
Harold Runnels Bldg
1190 S. St Frances Dr
Santa Fe, NM 87505

9590 9403 0470 5173 1112 27

2. Article Number (Transfer from service label)

7011 3500 0000 5509 9432

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent / ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery  9/26/16

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery ($)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053    Domestic Return Receipt

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Pegasus Legal Services for Children
3201 Fourth St NW
Albuquerque, NM 87107

X-15-04650          NS/MB

USPS TRACKING#

9590 9403 0470 5173 1112 27

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/24/2016 11:07:44 AM
STEPHEN T. PACHECO
Angelica Gonzalez

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

**SANDRA FORTIER and PAUL OLSON**
**On behalf of O.O., a minor child,**

       **Appellants / Plaintiffs**

                                       **D-101-CV-2016-01019**

**vs.**

**THE NEW MEXICO HUMAN SERVICES DEPARTMENT and**
**THE NEW MEXICO DEPARTMENT OF HEALTH;**
**BRENT EARNEST, Secretary, New Mexico**
**Human Services Department, in his official capacity;**
**LYNN GALLAGHER, Acting Cabinet Secretary,**
**New Mexico Department of Health, in her official capacity;**
**CATHY STEVENSON, Director, Developmental Disabilities**
**Supports Division of the New Mexico Department of Health,**
**in her official capacity;**
**NANCY SMITH-LESLIE, Director, Medical Assistance Division**
**of the New Mexico Human Services Department, in her official capacity,**

       **Appellees / Defendants.**

**FIRST AMENDED NOTICE OF APPEAL AND COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**
**AND ATTORNEY'S FEES AND COSTS**

## I.   <u>INTRODUCTION</u>

1.  Sandra Fortier and Paul Olson ("Parents"), bring this appeal and complaint on behalf

of their minor child, O.O., arising out of the refusal of the New Mexico Human Services

Department ("HSD") to allow O.O., a child with a fetal alcohol spectrum disorder ("FAS"), to

1

register for the Developmental Disabilities Waiver ("DD Waiver"), a Medicaid program that provides vital services to individuals with developmental disabilities.

2.  Parents incorporate two administrative appeals together with a separate complaint for violations of state and federal law and the state and federal constitutions.

3.  Pursuant to NMSA 1978 § 39-3-1.1 (1999) and Rule 1-074 NMRA, Parents appeal from the March 21, 2016 decision of the Medical Assistance Division ("MAD") of HSD, upholding the denial of O.O.'s placement on the registry for the Developmental Disabilities Medicaid Waiver Program ("the DD Waiver"). Parents refer to this appeal as the "DD Waiver Appeal."

4.  Pursuant to NMSA 1978, Section 28-1-13 (2005), Parents appeal the May 5, 2016 denial by the Human Rights Division of jurisdiction over Parents' complaint and its application of the term "public accommodation" under NMSA 1978, Section 28-1-2 (2007) and NMSA 1978, Section 28-1-7 (2004). Parents refer to this appeal as the "HRD Appeal".

5.  Parents bring a complaint for declaratory and injunctive relief and attorney's fees and costs under the United States Constitution, the Social Security Act (42 U.S.C. § 1396-1396v) (Medicaid Act), Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, the New Mexico Constitution, the New Mexico Human Rights Act, the New Mexico Administrative Procedures Act, and the New Mexico Declaratory Judgment Act. In addition, these claims are brought under 42 U.S.C. § 1983, as follows:

    a.  Parents seek a declaration from this Court that the New Mexico Department of Health ("DOH") regulatory criteria for assessing DD Waiver qualification is inconsistent with federal and state law, that the DOH decision to deny O.O.'s

application for the DD Waiver was arbitrary and not based on current professional standards, and that O.O. meets the criteria for the DD Waiver.

b.   Parents seek a declaration that HSD and DOH arbitrarily, unjustifiably, and unlawfully limits the categories of people who qualify for the DD Waiver.

c.   Parents seek a declaration that Defendants categorical exclusion of O.O. from eligibility for the DD Waiver on the basis of her disability violates her state and federal statutory and constitutional rights.

d.   Parents seek an injunction from this Court requiring the Defendants to place O.O. on the DD Waiver Registry.

e.   Parents also seek an injunction prohibiting Defendants from implementing or enforcing regulations that violate state and federal law.

6.   This Court has jurisdiction over the DD Waiver appeal pursuant to Section 39-3-1.1 and the HRD Appeal pursuant to Section 28-1-13.

7.   Parents' claims to redress the deprivation of rights secured to their daughter are raised under the United States Constitution, the Medicaid Act, Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act, the New Mexico Constitution, the New Mexico Human Rights Act, the New Mexico Administrative Procedures Act, 42 U.S.C. § 1983, and the New Mexico Declaratory Judgment Act.

8.   Parents are residents of Sandoval County, New Mexico, and the facts that form the basis for the lawsuit and appeal occurred primarily in Bernalillo, Sandoval, and Santa Fe counties. All administrative remedies have been exhausted.

## II.    PARTIES

9.    Parents are United States citizens residing in Sandoval County, New Mexico. Parents bring this action on behalf of O.O., their thirteen-year-old daughter. Parents adopted

3

O.O. in 2006, together with her three siblings. Prior to adoption, O.O. was in foster care and suffered severe abuse and neglect. O.O. was diagnosed with FAS in 2014. Most children with FAS have functional damage that is not visible but that is debilitating, and individuals with FAS can rarely live independently. Parents applied with the DOH for the DD Waiver on O.O.'s behalf because she will need living and employment supports for the rest of her life, including supported living, supported employment, and services to help her have meaningful activities throughout her day.

10.   Defendant HSD is the "single state agency" that is directly responsible for the administration and supervision of New Mexico's Medicaid program under Title XIX of the Social Security Act, 42 U.S.C. § 1396a(a)(5). HSD has its principal place of business in Santa Fe, New Mexico.

11.   Defendant DOH is responsible for supervising the health and hygiene of New Mexico's citizens, including the day-to-day oversight of the services provided under the DD Waiver. At all times relevant to this action, DOH exercised operational management of the DD Waiver. DOH has its principal place of business in Santa Fe, New Mexico.

12.   Defendant Brent Earnest is the Secretary of HSD and is responsible for all administrative, policy, budgetary and personnel matters for HSD. He is responsible for making and adopting regulations to carry out HSD's duties, none of which can be implemented without his approval. As the Secretary of the single state Medicaid agency, he is responsible for managing the State's Medicaid moneys. In addition, Secretary Earnest is responsible for adopting rules or regulations that govern the administration of Medicaid funded programs.

4

Secretary Earnest oversees and is directly responsible for HSD's Medical Assistance Division ("MAD"), the HSD division that makes the final administrative decision in Medicaid fair hearings. Defendant Earnest's place of business is in Santa Fe, New Mexico, and he is sued in his official capacity.

13.   Defendant Lynn Gallagher is the Secretary of DOH and is responsible for all administrative, policy, budgetary and personnel matters for DOH. Defendant Gallagher is directly responsible for all DOH regulations, policies and practices, including those that fund, place and provide care for persons with developmental disabilities—including participants in the DD Waiver program—using Medicaid funds. Defendant Gallagher is responsible for the direction, supervision, and control of the Developmental Disabilities Services Division ("DDSD"), which designs and implements services for all persons with developmental disabilities in the state of New Mexico. Defendant Gallagher's place of business is in Santa Fe, New Mexico, and she is sued in her official capacity.

14.   Defendant Cathy Stevenson is the Director of DDSD. As such, she directs all programs, services, and supports provided for individuals with intellectual and developmental disabilities. She became the Division Director in 2011. She is one of the principal architects of the current DD Waiver program and has issued numerous policies, memoranda and directives regarding the DD Waiver. She is named as the State Operating Agency Representative for DOH in the Defendants' application for the current DD Waiver submitted to the federal Centers for Medicare and Medicaid Services. She directs the implementation of the DD Waiver. Defendant

5

Stevenson's place of business is in Santa Fe, New Mexico, and she is sued in her official capacity.

15.   Defendant Nancy Smith-Leslie is the Director of MAD. She issued the Hearing Decision upholding the denial of DD Waiver services for O.O. Defendant Smith-Leslie's place of business is in Santa Fe, New Mexico, and she is being sued in her official capacity.

### III.      THE MEDICAID ACT AND THE DD WAIVER PROGRAM

16.   The DD Waiver is a Medicaid program. The program is designed to provide vital Medicaid-funded services to people with developmental disabilities.

17.   Title XIX of the Social Security Act, sometimes referred to as the Medicaid Act, provides medical assistance to individuals who lack the financial means to pay for needed health care. 42 U.S.C. § 1396 *et. seq.*

18.   The purpose of the Medicaid program is to ensure that persons with limited income or specific qualifying conditions receive necessary medical services. Medicaid is funded by both the federal and state government. 42 U.S.C. § 1396 *et. seq.*

19.   A state's participation in the Medicaid Program is voluntary. Once a state elects to participate, it must follow program requirements mandated by the federal government. New Mexico has elected to participate in the Medicaid program. States who choose to participate must administer Medicaid "in the best interests of recipients." 42 U.S.C. § 1396a(a)(19).

20.   In 1981, Congress authorized the Home and Community Based Services ("HCBS") waiver system, due to the disproportionate percentage of Medicaid resources being used for long-term institutional care. The program allows Medicaid-eligible individuals with

developmental disabilities who are entitled to receive residential care in a Medicaid-funded

"Intermediate Care Facility for the Mentally Retarded" ("ICF/MR" or Intermediate Care

Facility for Individuals with Intellectual Disabilities "ICF/IID") to instead receive services in

the community, outside of an ICF/MR, as long as the aggregate cost of the program is no

greater than the aggregate cost of serving the same people in institutional settings. 42 CFR §

440.150.

    21.   To obtain authorization to operate a HCBS waiver, a state must apply to the U.S.

Department of Health and Human Services ("HHS"). HHS has delegated review of the

applications to the Center for Medicare and Medicaid Services ("CMS"). 42 CFR § 430.12.

Each HCBS Waiver is time-limited, requiring renewal every three to five years. 42 CFR §

441.301, 42 CFR § 441.302.

    22.   In 1983, New Mexico first applied to HHS to start a HCBS Waiver for people with

developmental disabilities in the state, and HHS authorized approximately 200 "slots" for the

initial three-year period. By fiscal year 2008, the number of people in the program reached

3,777 and there has been little change in the number of people in New Mexico's DD Waiver

program since that time. Ten years is the current approximate wait time for applicants who are

added to the list of eligible DD Waiver recipients.

    23.   To qualify for the DD Waiver, an applicant must have an intellectual disability

("ID") or a "related condition," as well as meet additional criteria.

### IV.    RULE 1-074 NMRA NOTICE OF APPEAL: DD WAIVER APPEAL

24.   Parents take this administrative appeal on behalf of their daughter O.O. against DOH and HSD.

25.   Parents first applied for the DD Waiver on behalf of O.O. on or about November 19, 2014.

26.   On July 27, 2015, DDSD sent the family a Notice of Denial of DD Waiver Registration Request stating, "the information you provided does not satisfy the qualifications that are listed in the regulation found at 8.290.400.10B NMAC."

27.   Pursuant to Section 8.100.970.8 NMAC, Parents timely appealed the denial to the Fair Hearings Bureau, and a fair hearing was held via phone on February 11, 2016, where the parties presented evidence, witnesses, and exhibits. The Plaintiffs presented proposed Findings of Fact and Conclusions of Law.

28.   On March 4, 2016, the administrative law judge ("ALJ") issued a Recommended Decision to the MAD Director and recommended that HSD uphold the denial. A copy of the Recommended Decision is included in Exhibit A.

29.   The ALJ noted, "Counsel for Appellant has argued…that the information upon which DOH relies in making its decisions is out of date and does not reflect current thinking about Developmentally Disabled individuals by those most closely involved in treating and studying such individuals. That is probably true… However, it is not within the purview of the undersigned ALJ, nor is it within the jurisdiction of the Fair Hearings Bureau to recommend a

decision to the Director of the Medical Assistance Division which contravenes existing regulation."

30.   On March 16, 2016, the Director of MAD issued her Hearing Decision, adopting and incorporating the ALJ's findings of fact and conclusions of law. The Decision found that HSD and DOH had met their evidentiary burden and upheld the denial of benefits to O.O.

31.   Parents appeal the Hearing Decision because the agencies acted fraudulently, arbitrarily, and/or capriciously, and based on the whole record on appeal, the decision of the agencies is not supported by substantial evidence. The action of the agencies was otherwise not in accordance with law.

## V.      NOTICE OF APPEAL: HRD DENIAL OF JURISDICTION

32.   Parents filed a complaint with the Human Rights Division on April 15, 2015 and argued that HSD and DOH denied O.O. a public accommodation on the basis of her particular disability, FAS.

33.   On May 5, 2016, the Human Rights Division informed Parents that it was without jurisdiction to consider the complaint and that DD Waiver services nevertheless were not a public accommodation.

34.   Parents appeal the Human Rights Division's determination that it was without jurisdiction and that the HSD and DOH determination did not violate the Human Rights Act.

## VI.   FACTUAL ALLEGATIONS

### A.   O.O.'s History

35.   O.O. was exposed to alcohol prenatally and was born with brain damage due to FAS, which was not diagnosed until 2014.

36.   Parents adopted O.O. and her three siblings in 2006.

37.   Prior to adoption, O.O. had been in foster care and had suffered severe abuse and neglect in multiple settings.

38.   It has been difficult for the Parents to obtain services for O.O., including the DD Waiver. The family's insurance—a combination of private insurance and Medicaid—has been insufficient to provide O.O. with the services she needs.

39.   Until recently, O.O. received services at a residential treatment center in Texas due to her needs for support and neurobehavioral intervention, which were more than her parents or school could provide.

40.   In March 2016, with less than 24 hours' notice, the Texas residential treatment center informed Parents that their insurance would no longer cover O.O.'s placement. The center requested Parents to immediately pick up O.O. Parents left that day to pick up their daughter. O.O. currently does not have an appropriate living placement.

41.   O.O.'s family applied for the DD Waiver because O.O. will need living and employment supports for the rest of her life, including supported living, supported employment, and services to help her have meaningful activities throughout her day.

10

42.  O.O. possess below average intelligence. Her Intelligence Quotient ("IQ") score is slightly below average.

43.  O.O. demonstrates some of the physical signs of FAS, including morphological changes and growth retardation, as well as difficulties in some areas of cognitive functioning.

44.  O.O. has significant deficits in executive functioning, visual construction, and in the social domains, as measured by tests of adaptive behavior.

45.  O.O. acts impulsively with others and has difficulty forming and maintaining friendships. O.O. can be naïve, gullible, and immature.

46.  O.O. demonstrates an inability to manage daily life activities.

47.  O.O. can read sentences, but does not understand what words mean together. She can do basic operations in math, but she does not understand how math works in the world. She struggles to use academic information in her life.

48.  O.O. has always had trouble getting work done in school. She can do one problem with structured support, for example, but no more without help. Completing homework is impossible for O.O. She cannot carry home or replicate what she learns in school due to deficits in memory.

49.  O.O. is eligible for special education under the Other Health Impaired ("OHI") eligibility. Her primary disability on her Individualized Education Plan is Fetal Alcohol Syndrome.

50.  O.O. requires a 1:1 aide to be successful and complete work in school. She requires redirection, reinforcement, and repetition. She needs help navigating the school building.

51.   O.O.'s learning is impacted by FAS. She has the ability to read words on grade level, though her comprehension is at a third grade level. Her math skills are at a second grade level.

52.   Despite not having a coding deficiency, O.O. struggles with abstract thinking. She does not understand how money works and cannot tell time. O.O. cannot correctly give change.

53.   O.O. sometimes invents memories to fill in the gaps in her mind about what happens during the day.

54.   O.O. speaks clearly and expressively. She is very verbal and likes to talk. She is friendly and engaging. She strives to meet social obligations. O.O.'s answers may sound good, but they are not always accurate.

55.   O.O. requires significant supports in mobility. She requires support and supervision to travel around school and to go to the restroom. Without an aide, she can become distracted, and she sometimes engages in toddler-like behavior.

56.   O.O. requires specialized transportation. Without significant supervision, she can wander off the bus and has crossed streets in the past.

57.   O.O. requires supports at home. She loves to clean and to help around the house, but cannot do so safely on her own.

58.   Without intensive supports, O.O. will not be able to use her intellectual ability and learning skills because of poor self-direction.

59.   O.O.'s capacity for independent living is very limited. Many people with FAS stay in supported living throughout their lives.

12

60.   O.O. will likely be able to hold a job only under structured conditions with assistance from a job coach.

61.   O.O.'s condition is life-long. There is no known medication to treat her condition.

62.   O.O. requires intensive, individually-tailored adaptive and behavioral management.

63.   Without these services, O.O. will likely have to be institutionalized.

64.   O.O. is at risk for becoming a victim of sexual abuse, illegal activities, homelessness, and financial harm.

65.   With supports, O.O. can become a functioning, contributing, happy member of society.

B.     <u>FAS</u>

66.   FAS and Fetal Alcohol Spectrum Disorders describe a broad range of behavioral and morphological changes seen in children exposed to alcohol prenatally.

67.   FAS is a brain disorder associated with microcephaly and anomalies in the brain.

68.   FAS is both a syndrome and a developmental disorder of brain formation.

69.   The effects of alcohol on a developing fetus include behavior problems, learning deficits, problems with synaptic communication, and biochemical defects.

70.   FAS leads to a variety of problems with brain chemicals, neurotransmitters, and learning and memory.

71.   FAS leads to brain damage. This brain damage does not heal or get better.

72.  FAS affects a person's IQ. However, IQ is a relatively insensitive measure of adaptive capability and functioning. There are other ways to measure cognition besides an IQ test. Intellectual functioning is a broad concept, and IQ is only a part of it.

73.  Children with FAS can have normal IQ levels, but severe deficits in memory and adaptive skills.

C.  Comparison of Federal Requirements for Related Condition to New Mexico Requirements for Related Condition

74.  New Mexico must comport with federal law in its administration of the DD Waiver. *See, e.g.*, 42 CFR § 483.102.

75.  Federal law, which governs New Mexico's administration of community-based services that are alternatives to nursing facilities, defines mental retardation ("MR"), which is now called Intellectual Disability ("ID"). 42 CFR § 483.102.

76.  Under federal law, MR/ID is either "(i) A level of retardation (mild, moderate, severe or profound) described in the American Association on Intellectual Disability's Manual on Classification in Intellectual Disability (1983)…" or "(ii) A related condition as defined by § 435.1010 of this chapter." *Id.*

77.  Under Federal Medicaid law, the definition of "related condition" is "primarily functional, rather than diagnostic," and is meant to ensure that people who do not meet the official definition of intellectual disability ("ID"), but who have conditions that resemble ID and who require treatment similar to people with ID, receive necessary services and do not fall through the cracks. *See, e.g.*, 42 CFR § 483.102 and 42 CFR § 435.1010. *See also*

14

https://www.medicaid.gov/medicaid-chip-program-information/by-topics/delivery-

systems/institutional-care/intermediate-care-facilities-for-individuals-with-intellectual-

disabilities-icfid.html.

78.  The federal definition of persons with related conditions is broad and inclusive, and

includes "individuals who have a severe, chronic disability…[that] is attributable to—

> (1) Cerebral palsy or epilepsy; or
>
> (2) *Any other condition, other than mental illness, found to be closely related to Intellectual Disability because this condition results in impairment of general intellectual functioning or adaptive behavior similar to that of mentally retarded persons, and requires treatment or services similar to those required for these persons*

42 CFR § 435.1010 (emphasis added).

79.  New Mexico narrows the definition of "related condition" by creating its own concept

called "Specific Related Condition." Section 8.290.400.10(B)(2) and (3) NMAC.

80.  New Mexico's definition of individuals with a "specific related condition" is strictly

limited to persons with conditions

> attributable to (i) cerebral palsy or seizure disorder; or (ii) is attributable to autistic disorder (as described in the fourth edition of the diagnostic and statistical manual of mental disorders); or (iii) *is attributable to chromosomal disorders (e.g. down), syndrome disorders, inborn errors of metabolism, or developmental disorders of the brain formation* **limited to the list in Paragraph (3) below**

NMAC 8.290.400.10(B)(2)(A) (emphasis added)

81.  New Mexico's HCBS Waiver application contains a list of "related conditions" that

DOH recognizes. These include chromosomal disorders, syndrome disorders, inborn errors of

metabolism, and developmental disorders of brain formation.

15

82.   Section 8.290.400.10(B)(2)(a)(iii) of the New Mexico Administrative Code indicates that the State's Waiver only covers certain chromosomal disorders, syndrome disorders, inborn errors of metabolism, and developmental disorders of the brain – specifically, only those that are listed in 8.290.400.10(B)(3) NMAC. No such narrowed list of "syndrome disorders" is included in New Mexico's DD Waiver application.

83.   Under the New Mexico state definition, persons with disabilities who have conditions closely related to ID are excluded from the program unless they have one of the specific listed conditions found in NMAC 8.290.400.10(B)(3), even when their conditions result in impairments similar to that of people with intellectual disabilities and they require treatment or services similar to those required for persons with ID.

84.   Under the federal definition, O.O. has a qualifying related condition, specifically FAS.

85.   There is no scientific or logical reason for New Mexico's denial of DD waiver coverage for individuals with related conditions resulting from perinatal and postnatal causes, such as FAS.

86.   New Mexico's definition arbitrarily narrows federal requirements and violates federal law, which created the concept of "related condition" to allow for conditions that look like ID, but which do not fit certain limitations in the definition of ID, including those related to IQ.

D.   HSD's 2012 Restrictive Revision of State DD Waiver Regulations

87.   Prior to 2012, the HSD definition of "related condition" mirrored the federal definition.

88.   Under the version of the HSD regulations in effect in 2012, O.O. would have qualified as eligible for DD Waiver services.

89.   HSD adopted the limiting list contained in NMAC 8.290.400.10(B)(3) in October, 2012.

90.   Before adoption and by letter dated August 6, 2012, Disability Rights New Mexico ("DRNM"), New Mexico's Protection and Advocacy organization, expressed its concerns that HSD's regulations would, if adopted, unfairly marginalize from DD Waiver coverage people with related conditions due to environmental factors.

91.   DRNM's August 6, 2012 letter stated that under HSD's now adopted regulations,

[I]ndividuals with ID resulting from Fetal Alcohol Syndrome (FAS) would be excluded from eligibility under the proposed regulations. Currently, the Centers for Disease Control estimates that 2 persons per 1,000 live births are diagnosed with FAS. These individuals exhibit impairments consistent with those found in the general population of persons with ID, such as deficits in cognitive and executive functioning as well as significant motor functioning delays. Barring these individuals from necessary support on the basis of how they acquired ID simply defies logic.

Furthermore, by excluding environmental causes of ID from 'acceptable' forms of the condition, HSD is contributing to the further marginalization of individuals who have already begun life at a disadvantage. Persons who have acquired ID through environmental means, such as in utero alcohol or cocaine exposure, are less likely to have a strong maternal bond and extended network of social supports. By excluding these causes of ID from eligibility, individuals with these conditions will be further disenfranchised. The proposed changes signal a clear discrimination against persons born into environments of drug and alcohol abuse. The exclusion of these individuals appears very much at odds with the mission of The Department.

92.   The exclusive list contained in NMAC 8.290.400.10(B)(3) is taken verbatim from a table contained in the 1992 9th Edition of the Manual of the American Association on

Intellectual and Developmental Disabilities ("AAIDD"), which was then called the American Association on Mental Retardation. Rather than copy this list in its entirety, HSD included only the first four of the documents, and a portion of the 5th page of the list, and entirely excluded the remaining pages of the document.

93.   The AAIDD, the leading professional organization focused on ID, included a cautionary note in the 1992 manual explaining that its table should not be considered exhaustive.

94.   AAIDD's 1992 table lists disorders in which intellectual disability might occur.

95.   AAIDD's 1992 table is an etiology or causation table, and was not designed as an exhaustive or exclusionary list. AAIDD's 1992 table was not intended to be definitional, or to be used as a legal definition.

96.   AAIDD's 1992 table includes a list of perinatal and postnatal causes of ID, including FAS.

97.   There is no current version of AAIDD's 1992 table. AAIDD abandoned the table format after concluding that it is impossible to include all causes of ID and to stay current with the changing science.

98.   Upon information and belief, New Mexico is the only State that uses AAIDD's 1992 table to define intellectual disability or related condition.

E.   O.O.'s DD Waiver Application

99.   Parents applied for O.O. to be included on the DD Waiver waiting list and submitted supporting documentation.

18

100. DOH prepared a draft "DD Waiver/SGF Determination Worksheet" and no final document was prepared. Parents did not receive a copy of the draft worksheet until after the application was denied and the parties were preparing for the fair hearing.

101. The draft worksheet was the only document submitted by DOH at fair hearing to demonstrate the department's basis for rejecting O.O.'s application.

102. The worksheet is incomplete. Many sections of the DOH eligibility paperwork were left blank.

103. DOH did not intend for the draft worksheet to show a determination of eligibility.

104. DOH impermissibly defined related condition in order to exclude O.O. from the DD Waiver based only on her FAS diagnosis.

105. DOH relied solely on O.O.'s IQ test in order to deny her eligibility for the DD Waiver.

106. DOH did not compare O.O.'s syndrome or developmental disorder of brain formation against the regulatory requirements.

107. Nonetheless, the DOH found that O.O. did not qualify for the DD Waiver, because she does not have ID and because she does not have a disability that appears on the list of "specific related conditions" in Section 8.290.400.10(B)(3) NMAC.

108. O.O. does not have a mental illness. No claim to Waiver eligibility is made based on any mental illness. The DOH indicated that mental illness was not a factor in its decision to deny O.O. eligibility for the DD Waiver.

109. O.O. is a person with developmental disabilities, and she is a qualified individual with a disability.

19

110. O.O. meets the criteria in Section 8.290.400.10(B)(2)(b), (c), (d), and (e). O.O. has a condition that (b) results in impairment of general intellectual functioning or adaptive behavior similar to that of persons with intellectual disability and requires treatment or services similar to individuals with ID; (c) manifested before she reached age 22 years; (d) is likely to continue indefinitely; and (e) results in substantial functional limitations in three or more of the following areas of major life activity: self-care, receptive and expressive language, learning, mobility, self-direction, capacity for independent living, and economic self-sufficiency. O.O. unquestionably qualifies under these sections of the regulation.

F.     Summary of Factual Claims

111.  In summary, Parents allege that:

a.  O.O. is a child with FAS. She is a child with a developmental disability and a qualifying individual with a disability.

b.  DOH did not adequately assess O.O.'s eligibility for the DD Waiver and therefore failed to meet its burden to show that she does not qualify for the Waiver with substantial evidence.

c.  O.O. meets the criteria for the DD Waiver and DOH should add her to the enrollment list immediately.

d.  The existing regulations promulgated by DOH and HSD contravene federal law, which requires that "related condition" take into account conditions "found to be closely related to Intellectual Disability because this condition results in impairment of general intellectual functioning or adaptive behavior similar to

that of mentally retarded persons, and requires treatment or services similar to those required for these persons" in that they narrow these qualifying conditions to four categories: chromosomal disorders, syndrome disorders, inborn errors of metabolism, and developmental disorders of brain formation. 42 CFR § 483.102; 42 CFR § 435.1010; Section 8.290.400.10(B)(2)(a)(iii) NMAC.

e. The existing regulations further arbitrarily and capriciously narrow the disabilities that qualify for the DD Waiver by relying upon an outdated and irrelevant list of disorders, found in Section 8.290.400.10(B)(3) NMAC.

f. Defendants have categorically denied O.O. from participation in the DD Waiver program based on her disability, fetal alcohol syndrome.

g. Defendants have implemented and applied eligibility requirements that exclude O.O. from participation in the DD Waiver program based solely on her disability.

h. Defendants' customs, policies, and regulations demonstrate a pattern and practice of deliberate indifference to the rights of O.O. and other persons with fetal alcohol syndrome to participate in the DD Waiver Program and to receive vital Medicaid services free from discrimination based on disability.

i. Defendants denied O.O. the right to register for the DD Waiver Program and the denial resulted in discrimination against O.O.

j.  In their criteria or methods or administration of the DD Waiver Program, Defendants have implemented policies and practices that have a disparate impact on O.O. as a person with fetal alcohol syndrome.

k.  Defendants' policies and practices relied upon to exclude O.O. constitute disparate treatment of O.O. on the basis of disability.

l.  Defendants' regulations, policies, and practices, which were implemented and relied on to exclude O.O., violate Section 504, the ADA, the United States Constitution, the New Mexico Constitution, the New Mexico Human Rights Act, and the New Mexico Administrative Procedures Act.

## VII. <u>CLAIMS FOR RELIEF</u>

### <u>FIRST CLAIM FOR RELIEF</u>
### Violation of the Medicaid Act

112.  Parents incorporate the foregoing paragraphs as if fully set forth herein.

113.  A state's Medicaid program must use reasonable, ascertainable, and non-arbitrary standards and procedures for determining participant eligibility for any medical services provided. Those standards must also be applied when determining the nature and amount of those services. 42 U.S.C. § 1396a(a)(17).

114.  Federal Medicaid regulations are clear that individuals must receive coverage of a service "sufficient in amount, duration and scope to achieve its purpose." 42 CFR § 440.230(b).

22

115.  Medicaid agencies "may not arbitrarily deny or reduce the amount, duration, or scope of a required service…to an otherwise eligible beneficiary solely because of the diagnosis, type of illness, or condition." 42 CFR § 440.230(c).

116.  New Mexico's DD Waiver application, which Defendants' submitted to CMS for federal Medicaid funding, is misleading and does not state the true qualifications it requires for applicants to obtain the DD Waiver, or the restrictive, exclusionary limitations those qualifications impose.

117.  Defendants did not include limitations on eligibility categories in New Mexico's DD Waiver application. In information submitted in support of that supplication, Defendants indicated that the State's DD Waiver coverage would extend to individuals with syndromes or developmental disorders of brain formation sufficient to meet the "related condition" qualification.

118.  Defendants' actual policies, practices and regulations are not accurately stated in the State's DD Waiver application, and, on the basis of her FAS diagnosis, impermissibly exclude O.O. from accessing and participating in DD Waiver services.

119.  Defendants, through 8.290.400.10(A)(2) NMAC and 8.290.400.100(B)(3) NMAC, impermissibly, arbitrarily and unjustifiably limit qualifying conditions, and these regulatory limitations are not included in the DD Waiver application that Defendants submitted to CMS.

120.  Defendants' regulatory exclusion of the environmental causes of ID, including fetal alcohol syndrome, is arbitrary and unjustifiable.

23

121.  Under the "freedom of choice" provision of the Medicaid Act, 42 U.S.C. § 1396n(c)(2)(C), individuals with developmental disabilities, have, within cost limitations, freedom of choice regarding their services.

122.  Section 42 U.S.C. § 1396n(c), which focuses on Home and Community Based Services for individuals with disabilities, requires that the Defendants must guarantee that all individuals who are determined to be likely to require the level of care provided in a nursing home or ICF/MR are informed of the feasible alternatives to facility-based care, if available under the state's Waiver system.

123.  The State's ICF/MR or nursing home care regulations do not impose the same restrictive qualifying limitations that are imposed by the State's DD Waiver regulations.  As a result, O.O. would likely qualify for ICF/MR or nursing home care.

124.  By implementing different standards for the DD Waiver than O.O. would receive for ICF/MR services, Defendants deny O.O. her entitlements under Medicaid.

125.  The regulations DOH relies on in Section 8.290.400.10(B) NMAC impermissibly and arbitrarily contravene, without a rational basis, the federal statutes and regulations governing Medicaid services and programs.

126.  The definitions in the 1993 AAIDD manual are outdated and obsolete and Defendants' reliance upon them is arbitrary.

127.  The way in which Defendants implemented and conceived of the qualifying related conditions in Section 8.290.400.10 NMAC is arbitrary and capricious. The state's DD Waiver qualification process discriminates against people with disabilities, excluding certain persons with

disabilities from the program based on their disabilities and violates their rights under the law, as set forth in this complaint.

## SECOND CLAIM FOR RELIEF
### Violation of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act

128.  Parents incorporate the foregoing paragraphs as if fully set forth herein.

129.  Because Defendants receive federal financial assistance, they were and at all times are subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and regulations promulgated thereunder, 45 CFR Part 84.

130.  Defendants are instrumentalities of New Mexico's state government and are public entities subject to the provisions of the ADA and the regulations promulgated thereunder, codified at 28 CFR Part 35. 42 U.S.C. § 12131(1)(A).

131.  The Rehabilitation Act and the ADA prohibit state governments from, *inter alia*, subjecting any qualified individual with a disability to discrimination in state programs on the basis of disability.

132.  Defendants cannot directly, or through contractual, licensing, or other arrangements, deny O.O. the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. 42 U.S.C. § 12182.

133.  Under Federal law, O.O. is an individual with disabilities that qualify her for and entitle her to receive DD Waiver services.

134.  Under Federal law, the disabilities arising and resulting from O.O.'s FAS diagnosis qualify her for DD Waiver benefits and services.

135.  On the sole basis of her FAS diagnosis, Defendants have excluded and continue to wrongfully exclude O.O. from the services and benefits she is entitled to receive from the state's DD Waiver program.

136.  O.O. was denied the equal opportunity to participate in and benefit from the DD Waiver Program afforded to similarly situated individuals.

137.  Defendants utilize criteria and methods of administration in the DD Waiver program that have the effect of subjecting O.O. to discrimination on the basis of disability—systematically excluding O.O. because FAS, and not some other syndrome, caused her developmental disabilities. 28 CFR § 35.130.

138.  Defendants have discriminated against O.O. by denying her the opportunity to participate in and benefit from Defendants' health services, programs and activities; affording her an unequal opportunity to participate in Defendants' health programs and services; and aiding and perpetuating discrimination by assisting the other Defendant agencies in discriminating against O.O. 28 CFR § 35.130(b)(1).

139.  Defendants have provided different or separate benefits or services to O.O., and to persons with FAS, than are provided to others without FAS, in a manner not necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others. 28 CFR § 35.130(b)(1)(iv).

140.  Defendants have further discriminated against O.O. in violation of the ADA by utilizing criteria or methods of administration that have the effect of (i) subjecting O.O. to discrimination on the basis of disability; (ii) substantially impairing accomplishment of the objectives of Defendants' program; and, (iii) perpetuating discrimination by other Defendant agencies subject to common administrative control. 28 CFR § 35.130(b)(3).

141.  Defendants have discriminated against O.O. on the basis of her disabilities by failing to make reasonable modifications in their policies, practices, or procedures. Reasonable modification of Defendants' policies, practices, or procedures would not fundamentally alter the nature of their services, programs, or activities, but rather would further Defendants' stated goals. 28 CFR § 35.130(b)(7).

142.  Defendants have, in violation of law and regulation, imposed and applied eligibility criteria that screens out O.O. and persons with FAS and other similar conditions from fully and equally enjoying any service, program, or activity. Such criteria are not necessary for the provision of the service, program, or activity being offered. 28 CFR § 35.130(b)(8).

143.  Defendants have violated O.O.'s rights under Section 504 of the Rehabilitation Act of 1973 and Title II of the ADA by:

   a.  Denying O.O. the opportunity to participate in or benefit from the program and services of state government;

   b.  Failing to provide reasonable accommodations to allow O.O. to participate fully in Defendants' programs and receive adequate services;

   c.  Denying O.O. aid, benefits and services that are as effective as those provided to non-disabled persons or to persons with other disabilities;

27

d.  Failing to provide state programs, activities and services to O.O. in the least restrictive, community-based setting;

e.  Failing to provide and support appropriate community-based services, thereby denying O.O. the opportunity to benefit from Defendants' services, programs, and activities;

f.  Discriminating against O.O. in the operation of the community-based developmental disability system due to O.O.'s disabilities; and

g.  Failing to make reasonable modifications in DOH policies and procedures when necessary to avoid discrimination against O.O. on the basis of disability.

144.  Defendants acted with deliberate indifference to O.O.'s right to receipt of public assistance free from discrimination on the basis of disability.

145.  Parents allege both disparate treatment and disparate impact.

146.  Parents request recovery of their attorneys' fees, expenses and costs pursuant to the Rehabilitation Act and the ADA.

### THIRD CLAIM FOR RELIEF
#### Violation of New Mexico Rule Making Procedures and the
#### New Mexico Administrative Procedures Act

147.  Parents incorporate the foregoing paragraphs as if fully set forth herein.

148.  The New Mexico Administrative Procedures Act requires that proposed changes made to regulations during the rulemaking process be disclosed to the public. NMSA 1978 § 12-8-4.

149.  New Mexico law mandates that no proposed regulation affecting any person or agency outside the Department can be adopted without being properly promulgated. NMSA 1978 § 12-8-4.

150.  Prior to enactment, Disability Rights New Mexico expressed its concerns that the Department's regulations would unfairly marginalize from DD Waiver coverage people with related conditions due to environmental factors. Disregarding this public comment, Defendants promulgated the regulations with the impermissible limitations.

151.  The Defendants exceeded their authority by establishing and implementing regulations that impermissibly restrict persons with fetal alcohol syndrome and other related conditions from accessing and participating in the DD Waiver program and services when other similarly situated persons are able to access and participate in the DD Waiver program and services.

152.  Section 8.290.400.10 NMAC is arbitrary and capricious and is an improper exercise of agency authority.

153.  Pursuant to NMSA 1978 § 12-8-8, Parents seek a declaration that the regulations governing eligibility for the DD Waiver program interfere with and impair the rights of O.O.

### FOURTH CLAIM FOR RELIEF
### Violation of the Equal Protection Clauses of the New Mexico Constitution and the United States Constitution

154.  Parents repeat and incorporate by reference all of the above allegations of this complaint as though fully set forth herein.

155.  The New Mexico Constitution affirms that "No person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal protection of the laws." N.M. Const. Art. II, § 18.

156.  The Fourteenth Amendment to the United States Constitution guarantees that "[n]o State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, Section 1.

157.  The guarantee of equal protection ensures that government will treat similarly situated individuals in an equal manner.

158.  Defendants' actions deny O.O. equal protection under the law on the basis of disability when they fail to consider FAS as a related condition for the purposes of eligibility for the DD Waiver program, where other individuals similarly situated, with similar disabilities, would be eligible to participate in the DD Waiver program.

159.  Disability is a "sensitive" class under the New Mexico Constitution and receives intermediate scrutiny.

160.  Defendants' differential treatment of O.O. based on her disability bears no rational relationship to any legitimate state interest, nor do Defendants sufficiently advance any important or compelling state interest.

161.  As a result of Defendants' actions, O.O. has been denied access to medically necessary care provided to other similarly situated individuals in violation of the New Mexico Constitutional guarantee of due process and equal protection under the law to all persons.

### FIFTH CLAIM FOR RELIEF
### Violation of the New Mexico Human Rights Act

162.  Parents incorporate the foregoing paragraphs as if fully set forth herein.

163. The New Mexico Human Rights Act prohibits "any person in any public accommodation to make a distinction, directly or indirectly, in offering or refusing to offer its services, facilities, accommodations or goods to any person because of … physical or mental handicap…" NMSA 1978 § 28-1-7(F).

164. O.O. is a person with a mental handicap, which is FAS.

165. The DD Waiver Program constitutes a public accommodation under the Human Rights Act because through this Medicaid Program Defendants offer public services, including medical services, facilities, accommodations, and goods to persons. Section 9.1.1.7(Z) NMAC. Where Defendants do not directly provide services, facilities, accommodations, or goods, they are the mechanism through which eligible individuals access public services, including medical services, facilities, accommodations, or goods.

166. The DD Waiver is a public program, offering public services, including medical services, facilities, accommodations, or goods to persons who qualify as persons with developmental disabilities.

167. O.O. is a person with developmental disabilities.

168. Defendants denied O.O. the public accommodation of the D.D. Waiver based on her mental handicap.

169. By denying the DD Waiver to O.O., Defendants engage in unlawful discriminatory practices in violation of the New Mexico Human Rights Act. NMSA 1978, § 27-1-7(F).

170.   As a result of Defendants' discrimination on the basis of disability, O.O. has been denied access to the DD Waiver Medicaid Program and services provided to other similarly situated Medicaid eligible individuals.

171.   Parents filed a written grievance with the human rights commission.

172.   The human rights commission declined to investigate on May 5, 2016.

173.   In an action under the New Mexico Human Rights Act, if the complainant prevails, the court in its discretion may allow actual damages and reasonable attorney fees. NMSA 1978 § 28-1-13(D).

174.   Parents request recovery of their attorneys' fees pursuant to the New Mexico Human Rights Act.

**SIXTH CLAIM FOR RELIEF**
**Violation of the Procedural Due Process Clause of the**
**Fourteenth Amendment of the U.S. Constitution**
**And related federal law**

175.   Parents incorporate the foregoing paragraphs as if fully set forth herein.

176.   A State Medicaid program must use reasonable, ascertainable, and non-arbitrary standards and procedures for determining participant eligibility for any medical services provided. Those standards must also be applied when determining the nature and amount of those services. 42 U.S.C. § 1396a(a)(17).

177.   The Due Process Clause of the Fourteenth Amendment mandates that states must provide Medicaid eligible individuals with process before Medicaid benefits are denied, reduced,

or terminated. The constitutional right to due process includes the right to adequate notice prior to any termination of Medicaid benefits and meaningful participation in a benefit termination hearing.

178.  Medicaid agencies "may not arbitrarily deny or reduce the amount, duration, or scope of a required service…to an otherwise eligible beneficiary solely because of the diagnosis, type of illness, or condition." 42 CFR § 440.230(c).

179.  The "specific related conditions" definition in the HSD regulation violates the requirements set forth under federal law by failing to provide New Mexico Medicaid participants with actual notice of DD Waiver eligibility requirements. The federal requirements for eligibility are broader than the HSD regulation.

180.  HSD specifically bound itself to the broad "related conditions" definition found in the CMS application and in CFR Section 483.102 and 42 CFR Section 435.1010.

181.  Defendants have failed to provide Medicaid-eligible DD Waiver applicants with a meaningful opportunity to be heard at fair hearing to challenge the denial of DD Waiver eligibility. DOH does not provide notice of the DD Waiver eligibility decision-making process. The Statement of Evidence does not include any written explanation of the eligibility determination to which Parents could respond and refute at fair hearing. Without this information, Parents could not meaningfully be heard on DOH's rejection of O.O.'s eligibility.

182.  Due Process requires an individualized process where the needs of a participant are taken into account before the allocation of services, rather than the arbitrary exclusion of conditions as mandated by the contested regulations and employed by defendants. Federal

regulations are clear that individuals must receive coverage of a service "sufficient in amount, duration and scope to achieve its purpose." 42 CFR § 440.230(b).

183.  O.O. is a Medicaid-eligible individual who is likely to require the level of care provided in a nursing home or ICF/MR. As a result, she is entitled under 42 U.S.C. Section 1496(c)(2)(C) to feasibly alternatives to facility based care under New Mexico's waiver system. She is entitled to a choice between the waiver services or nursing services. O.O. therefore has a protected property interest in DD Waiver services and other government funded treatment and services, which Defendants cannot deprive them of without due process of law. These services include state funding of habilitation services.

184.  The individual Defendants, acting under color of state law and in their official capacities during their tenure as state employees or state contractors, deprived O.O. of these clearly established liberty and property rights and interests and did so without due process of law, which is actionable pursuant to 42 U.S.C. § 1983.

185.  It has been necessary for Parents to employ counsel to prosecute this action to seek redress of their rights under 42 U.S.C. § 1983. Plaintiffs are therefore entitled to recovery of their attorneys' fees and cost pursuant to 42 U.S.C. § 1988.

186.  DOH regulations, as well as the policies, standards and practices employed by Defendants related to the DD Waiver, violate the rights of O.O., guaranteed by the Due Process Clause of the 14th Amendment of the United States Constitution.

**SEVENTH CLAIM FOR RELIEF**
**Declaration of the Rights of Persons with FAS**
**to Register for the DD Waiver**

187. Parents repeat and incorporate by reference all of the above allegations of this Complaint as though fully set forth herein.

188. The New Mexico Declaratory Judgment Act provides a right to request judicial determination of "any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder." NMSA 1978 § 44-6-4.

189. O.O. has been denied equal access to the DD Waiver under the Medicaid program because Defendants have misconstrued their obligations as allowing them to provide less than full benefits to persons with FAS.

190. Defendants have misconstrued their obligations by excluding FAS from the list of related conditions that can be considered for eligibility for the DD Waiver Program when similarly situated individuals are able to access these programs and services.

191. Declaratory Judgment is necessary to construe Defendants' obligations under New Mexico law to administer the Medicaid program in a manner that provides individuals with FAS access to all benefits free from discrimination.

35

## VIII. <u>RELIEF REQUESTED</u>

Parents hereby request the following relief from the Court:

1. Issue an injunction finding that O.O. is eligible for Medicaid-waiver services under law and ordering the HSD and DOH to reconsider O.O.'s eligibility for the DD Waiver in light of that finding.

2. Issue a declaratory judgment stating that Defendants' actions, policies, practices and procedures violate state and federal law.

3. Issue an injunction prohibiting Defendants from implementing and executing the current regulations.

4. Issue an injunction ordering defendants to re-write the regulation in 8.290.400.10 NMAC in a manner in accordance with federal law.

5. Issue an Order requiring Defendants to provide DD Waiver services to O.O. in accordance with federal and state law.

6. Retain jurisdiction over this matter to ensure that the Defendants comply with any orders or relief granted by the Court, or until O.O. receives services under the DD Waiver, whichever occurs later.

7. Award Parents their reasonable attorney's fees, expenses, and costs incurred in this litigation.

8. Provide any additional relief that the Court deems just and proper.

Respectfully Submitted by:

PEGASUS LEGAL SERVICES FOR CHILDREN

36

/s/ Matthew Bernstein
Matthew Bernstein
Tara Ford
3201 Fourth St. NW
Albuquerque, NM 87107
(505) 244-1101
(505) 244-0060 (Fax)
mbernstein@pegasuslaw.org

WRAY & GIRARD, P.C.
/s/ J. Kate Girard
J. Kate Girard
Katherine Wray
102 Granite Ave. NW
Albuquerque, NM 87102
(505) 842-8492
1.844.274.0312 (fax)
jkgirard@wraygirard.com
kwray@wraygirard.com

Counsel for Plaintiffs/Appellants

Attachment: Exhibit A, HSD Hearing Decision


CERTIFICATE OF SERVICE AND CERTIFICATION OF ARRANGEMENT OF
PREPARATION OF RECORD

I hereby certify that, on this May 24, 2016, a true and accurate copy of the foregoing was sent to all parties of record. On the 15th day of April, 2016 a copy of the notice was served in accordance with Subparagraph (1) of Paragraph F of Rule 1-074 NMRA. Satisfactory arrangements have been made with the agency for preparation of and payment, if required, for the record of the proceedings.

/s/ Matthew Bernstein
Matthew Bernstein





HUMAN SERVICES
DEPARTMENT

Susana Martinez, Governor
Brent Earnest, Secretary
Nancy Smith-Leslie, Director

March 16, 2016

Attn/Care of: Sandra Frotier
4 Camino Masteno
Placitas, NM 87043-3145

15-DD-10053

## HEARING DECISION

The Medical Assistance Division (MAD) has reviewed and carefully considered the record of the fair hearing held on February 11, 2016, as well as the enclosed report and recommendation of the Administrative Law Judge (ALJ). I adopt and incorporate herein the ALJ's findings of fact and conclusions of law.

The combination of the testimonial and documentary evidence presented at the fair hearing were sufficient for the Department (HSD and DOH) to meet its evidentiary burden, as set forth in NMAC 8.352.2.14. For these reasons I uphold the Department's decision to deny placement on the registry for the Developmental Disabilities Medicaid Waiver program.

The federal and state laws and regulations that are relevant to this decision are included in the hearing officer's report and are incorporated herein by reference.

If you do not agree with the decision, you may seek judicial review by filing a notice of appeal within thirty (30) days from the date of this decision with the First Judicial Court or in the state district court having jurisdiction over the office in which the hearing was conducted by telephone. An appeal may result in reversal of the decision. The Department will not pay for any fees or costs that you might incur as a result of an appeal.

Sincerely,

Nancy Smith-Leslie
Director

Enclosures

xc:
    David Bruce Nava, Esq., Administrative Law Judge
    Leslie Swisher, DOH
    Shalada Creecy, DOH
    Mathew Bernstein, Pegasus Law Services
    Annabelle Martinez, MAD/ESPB

3/21/16
SCANNED

## RECOMMENDATION OF THE ADMINISTRATIVE LAW JUDGE

### SSN: XXX-XX-2040

| Represented by:<br>Matthew Bernstein, Esq. | Category:<br>DD | Case No.<br>15-DD-10053 | County:<br>MAD Central |
|---|---|---|---|

*Program*
DD

*Adverse Action*
Denial of Placement on the Central Registry

| Request Date:<br>10/15/2015 | Original<br>Hearing Date:<br>12/03/2016 | *Original<br>Due Date:<br>01/13/2016 | *Rescheduled<br>Hearing Date(s):<br>02/11/2016 | *Number of<br>Slippage Days<br>Allowed: | Report<br>Date:<br>03/04/16 | Due Date:<br>03/21/2016 |
|---|---|---|---|---|---|---|

RECOMMENDATION:

____   I recommend in favor of the Claimant. Refer to attached recommended action.

__X__   I recommend in favor of the Department. Refer to attached recommended action.

____   Other. Refer to attached recommended action.

_____
Administrative Law Judge

Concerned Parties:

DOH- DD Waiver Program
5301 Central AVE NE
Suite 1700
Albuquerque, New Mexico  87108
Attn/Care of: Shalada Creecy

Medical Assistance Division
P.O. Box 2348
Santa Fe, New Mexico  87504
Attn/Care of: Karla Gonzales

Pegasus Law Services
3201 Fourth Street NW
Albuquerque, NM 87107
Attn/Care of: Mathew Bernstein

BEFORE THE FAIR HEARINGS BUREAU
HUMAN SERVICES DEPARTMENT
STATE OF NEW NEXICO

Appellant,

vs.                                                     Case No. 15-DD-10053

THE NEW MEXICO HUMAN
SERVICES DEPARTMENT and
THE NEW MEXICO DEPARTMENT
OF HEALTH
Appellees.

FINDINGS OF FACT, CONCLUSIONS OF LAW
AND RECOMMENDATION OF
THE ADMINISTRATIVE LAW JUDGE

THIS MATTER came on for hearing on February 11, 2016, at 1:00 PM upon a timely request

from Appellant (hereinafter "      ") challenging an adverse action by Appellees (hereinafter

"HSD/DOH"), a denial of placement on the registry for the DD Medicaid Waiver Program. DOH

was represented by Assistant General Counsel Chris Woodward.       was represented by

Matthew Bernstein, Esq., of Pegasus Legal Services for Children. Sworn testimony for

HSD/DOH was provided by Leslie Swisher, Bureau Chief for the Developmental Disabilities

Supports Division. Debra Hendricks from the DOH also attended but did not offer testimony.

Sworn testimony on behalf of      was presented by the following:

Ruth Lukasson, J.D.,
Chair of the Department of Educational Specialties
University of New Mexico

Daniel D. Savage, PhD.
New Mexico Alcohol Research Center
University of New Mexico

1

Piyadasa Kodituwakku, PhD.
Center for Development and Disability
University of New Mexico

Sandra Fortier
Mother of

ι, through her Counsel, was advised by the Administrative Law Judge, on the record, that

the burden of proof lay with HSD/DOH and that the standard was a preponderance of the

evidence.  Having been advised in all the premises and after due consideration of the relevant

evidence, the Administrative Law Judge finds as follows:

ISSUES PRESENTED

Did DOH/HSD correctly apply the applicable regulations when they denied        . a place on the

DD Waiver Medicaid program registry?

EXHIBITS ADMITTED INTO EVIDENCE

For the DOH/HSD:

A.  Application for a Section 1915 HCBS waiver, HCBS Waiver Application Version 3.3.

B.  NMAC 8.290.400 *et. seq.*, Recipient Policies, Medicaid Eligibility – Home And
    Community Based Waiver Services (2007)

C.  General Definitions DD programs, 42 CFR 483.102 Applicability and Definitions.

D.  NMAC 200.430.9 Recipient Rights And Responsibilities Medical Eligibility General
    Recipient Policies (2008).

E.  Eligibility-related conditions, 42 CFR 435.1009 ICF – MR, 42 CFR 435.1010.

F.  American Association of Mental Retardation Manual on Classification and Mental
    Retardation Eighth Edition 1983.

G.  American Association Of Mental Retardation Ninth Edition 1992, 1997, Table Of
    Specific Related Conditions.

2

H.  Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DS M – IV), 1994.

I.  Application forms.

J.  Contact notes.

K.  Eligibility Determination Worksheet

L.  UNM Center for Development and Disability Neuropsychological Exam

M.  UNM FASD Diagnostic and Evaluation Program – Center for Development and Disability.

N.  Presbyterian Medical Report.

O.  Individualized Education Plan.

P.  Correspondence.

For      :

1.  NMSA §28-16A-6

2.  Full AAMR list of "Disorders in Which Mental Retardation May Occur."

3.  DSM-V definition of Intellectual Disability.

4.  Current AAID Definition of Intellectual Disability.

5.  Streissguth, *et. al.*, "Risk Factors for Adverse Life Outcomes in Fetal Alcohol Syndrome and Fetal Alcohol Effects," DEVELOPMENTAL AND BEHAVIOR PEDIATRICS Vol. 25, No. 4, August 2004.

6.  Moore and Riley, "What Happens When Children with Fetal Alcohol Spectrum Disorders Become Adults?." CURR DEV DISORD REP (2015) 2:219-227.

7.  Nuñez, *et. al.*, "Focus On: Structural And Functional Brain Abnormalities in Fetal Alcohol Spectrum Disorders." ALCOHOL RESEARCH AND HEALTH: THE

3

JOURNAL OF THE NATIONAL INSTITUTE ON ALSOHOL ABUSE AND

ALCOHOLISM, Vol. 34, No.1, 2011: 121-31.

FINDINGS OF FACT

1.  On or about July 27, 2015, DOH sent    son a notice that she did not qualify for the
    Developmental Disabilities Home and Community Based Waiver.  (See, Exhibit P.)

2.        applied for placement on the Waiver on or about November 19, 2014. (See,
    Exhibit I.)

3.  Developmental disabilities waiver services are intended for eligible recipients who have
    developmental disabilities limited to intellectual disability (IID) or a specific related
    condition as determined by the DOH/DDSD. An individual is considered to have
    Intellectual disability if she/he has significantly sub-average general intellectual
    functioning existing concurrently with deficits in adaptive behavior and manifested
    during the developmental period. An individual is considered to have a specific related
    condition if she/he has a severe chronic disability, other than mental illness, that meets all
    of the following conditions:  It must be attributable to cerebral palsy or seizure disorder,
    or is attributable to autistic disorder (as described in the fourth edition of the diagnostic
    and statistical manual of mental disorders) or is attributable to chromosomal disorders
    (e.g. down), syndrome disorders, inborn errors of metabolism, or developmental
    disorders of the brain formation.  Further, it must result in impairment of general
    intellectual functioning or adaptive behavior similar to that of persons with intellectual
    disability and requires treatment or services similar to individuals with ID. It must have
    manifested before the person reaches age 22 years, be likely to continue indefinitely, and

4

result in substantial functional limitations in three or more of the following areas of major life activity: self-care, receptive and expressive language, learning, mobility, self-direction, capacity for independent living and economic self-sufficiency. (See, Exhibits B, E, F, G and H.)

4. Evidence and Testimony at the hearing established that         does not have a Developmental Disability as determined by the DOH/DDSD, which is a condition precedent to participate in the DD Waiver Program. (See, Exhibit K.)

5. Counsel for Appellant has argued, both at the hearing and in his closing brief, that the information upon which DOH relies in making its decisions is out of date and does not reflect current thinking about Developmentally Disabled individuals by those most closely involved in treating and studying such individuals. That is probably true. For instance, administrative notice is taken that the process relies upon reference to the Diagnostic and Statistical Manual Volume 4, when Volume 5 of that work is already in general use. It also uses terminology no longer deemed clinically appropriate, such as "mental retardation". DOH's witness readily pointed out the discrepancies between standards in common use today and those mandated by the regulations as they exist, testimony which was echoed by one of the Appellant's witnesses. (See, Generally, Hearing Recording, Testimony of Leslie Swisher and Ruth Lukasson and Exhibits B, C, D and H.) However, it is not within the purview of the undersigned ALJ, nor is it within the jurisdiction of the Fair Hearings Bureau to recommend a decision to the Director of the Medical Assistance Division which contravenes existing regulation. As Counsel for Appellees has correctly argued, both at Hearing and in his closing brief, these are arguments for regulatory and/or legislative hearings, but not before the present Tribunal.

6.   DOH acted properly in denying          registry placement at this time.

## APPLICABLE REGULATIONS

The regulations relied upon by DOH/HSD in this matter may be found in the Summary of

Evidence.  (See, Exhibits A, B, C, D, E, F, G and H.)

## CONCLUSIONS OF LAW

1. HSD/DOH has met their burden of proof in this matter, by a preponderance of the

   evidence, pursuant to NMAC 8.352.2.14(D).

2. A determination of non-eligibility in this case was appropriate, pursuant to NMAC

   8.290.400, et. seq.

## RECOMMENDATION

The Administrative Law Judge recommends to the Director that HSD should uphold the

action taken by DOH in this matter, pursuant to NMAC 8.352.2.17, et. seq.


Respectfully Submitted,


David Bruce Nava, Esq.
Administrative Law Judge


March 4, 2016

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/24/2016 3:08:36 PM
STEPHEN T. PACHECO
Corrine Onate

FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE
STATE OF NEW MEXICO

SANDRA FORTIER and PAUL OLSON
On behalf of O. O., a minor child,

       Appellants / Plaintiffs

                                        No. D-101-CV-2016-01019

vs.

THE NEW MEXICO HUMAN SERVICES DEPARTMENT and
THE NEW MEXICO DEPARTMENT OF HEALTH;
BRENT EARNEST, Secretary, New Mexico
Human Services Department, in his official capacity;
LYNN GALLAGHER, Acting Cabinet Secretary,
New Mexico Department of Health, in her official capacity;
CATHY STEVENSON, Director, Developmental Disabilities
Supports Division of the New Mexico Department of Health,
in her official capacity;
NANCY SMITH-LESLIE, Director, Medical Assistance Division
of the New Mexico Human Services Department, in her official capacity,

       Appellees / Defendants.

<h3 style="text-align:center">MOTION TO REDACT THE RECORD</h3>

       COME NOW Sandra Fortier and Paul Olson, on behalf of their minor daughter O.O., and move this Court pursuant to Rule 1-079 NMRA for an Order to seal and redact portions of the pleadings and record on appeal. In support of their motion, Movants state:

       1.     This matter is both an appeal and a complaint, and arises pursuant to decisions made by the New Mexico Human Services Department ("HSD") and the New Mexico Department of Health.

2.     The appeal portion of this matter arises from a decision by the HSD Medical Assistance Division ("MAD") subsequent to a Medicaid administrative fair hearing.

3.     Rule 1-074 NMRA covers administrative appeals. Pursuant to Rule 1-074(D), "a copy of the order or decision of the agency appealed from, showing the date of the order or decision, shall be attached to the notice of appeal filed in the district court." Therefore, Appellants/Plaintiffs attached the complete decision paperwork to the Notice Of Appeal And Complaint For Declaratory And Injunctive Relief And Attorney's Fees And Costs submitted to the Court.

4.     The MAD decision contains some personally identifying information of the minor child in the present case, primarily her full name.

5.     Pursuant to Rule 1-079 NMRA, the copy of the MAD decision submitted in the original complaint/appeal should be sealed and replaced with a redacted version, generated by Appellants/Plaintiffs and approved as to form by Appellees/Defendants.

6.     Appellants/Plaintiffs assert that the sealing/redaction proposal laid out in this Motion meets all of the requirements of Rule 1-079(G) NMRA, namely:

     a.   There exists an overriding interest in protecting the identity and personal health information of the minor child in the present case that should overcome the right of the public to access the court record;

     b.   The overriding interest in protecting the minor child's information supports the present proposal to seal and redact the court record;

2

c.  A substantial probability exists that the overriding interest in protecting the child will be prejudiced if the court record is not redacted/sealed;

d.  The proposed redaction/sealing is narrowly tailored in that it preserves the right of the public to inspect nearly all of the record while still protecting the child; and

e.  No less restrictive means exist to protect the child's information.

7.  Counsel for Appellees/Defendants have been fully apprised of this Motion and, while not conceding state jurisdiction in this case, do not object to the entry of the requested order.

WHEREFORE, Appellants/Plaintiffs Sandra Fortier and Paul Olson, on behalf of their child O. O., respectfully pray that this Court:

A.  Enter an order to redact and seal case information pursuant to the paragraphs above.

B.  Order any other relief as the Court sees fit and just.

Respectfully Submitted:

PEGASUS LEGAL SERVICES FOR CHILDREN

By: /s/ Matthew Bernstein
Matthew Bernstein
3201 Fourth Street NW
Albuquerque, NM 87107
Tel: (505) 244-1101
Fax: (505) 244-0060

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was provided to all counsel of record on this 24th day of May, 2016:

3

/s/ Matthew Bernstein
Matthew Bernstein

4